BECKER v MEYER REXALL DRUG COMPANY

Docket No. 77354. Submitted February 13, 1985, at Detroit.—Decided
    March 18, 1985. Leave to appeal applied for.

A pharmacist for Meyer Rexall Drug Company allegedly dis-
    pensed the wrong drug in filling a prescription for Harry L.
    Becker. Nine days later, Mr. Becker died. Harry E. Becker,
    personal representative of the estate of Harry L. Becker, de-
    ceased, filed suit against Meyer Rexall Drug Company in
    Wayne Circuit Court 33 months after the death of Harry L.
    Becker. Defendant filed a motion for accelerated judgment
    claiming that plaintiff's complaint stated a cause of action for
    malpractice and that the action was barred by the two-year
    malpractice statute of limitation. The trial court, Susan D.
    Borman, J., denied the motion, finding that the alleged negli-
    gence was not malpractice as covered by the two-year statute of
    limitation. Defendant appealed by leave granted. *Held:*

    The complaint is clearly one for malpractice as covered by
    the two-year limitation period. The trial court erred in denying
    accelerated judgment for defendant.

    Reversed.

1. WORDS AND PHRASES — MEDICAL MALPRACTICE.
    Medical malpractice is the failure of a member of the medical
    profession, employed to treat a patient professionally, to fulfill
    the duty to exercise the degree of skill, care and diligence
    exercised by members of the same profession practicing in the
    same or similar locality.

2. LIMITATION OF ACTIONS — MEDICAL MALPRACTICE.
    A malpractice claim against a state licensed professional must be
    brought within the two-year period stated in the malpractice
    statute of limitation (MCL 600.5805[4]; MSA 27A.5805[4]).

REFERENCES FOR POINTS IN HEADNOTES
[1] 61 Am Jur 2d, Physicians, Surgeons, and Other Healers § 205.
[2, 3] 61 Am Jur 2d, Physicians, Surgeons, and Other Healers § 316.
    Statute of limitations applicable to malpractice action against
    physician, surgeon, dentist, or similar practitioner. 80 ALR2d
    320.
[3] 25 Am Jur 2d, Drugs, Narcotics, and Poisons § 58.

3. LIMITATION OF ACTIONS — MEDICAL MALPRACTICE — PHARMACISTS.

The two-year malpractice statute of limitation applies to an action where it is alleged that a licensed pharmacist mistakenly dispensed the wrong drug, thus harming the plaintiff (MCL 600.5805[4]; MSA 27A.5805[4]).

*Fried & Sniokaitis* (by *David H. Fried),* and *E. R. Whinham,* of counsel, for plaintiff.

*Lynn L. Lower, J.D., P.C.* (by *Lynn L. Lower),* for defendant.

Before: V. J. BRENNAN, P.J., and CYNAR and J. W. FITZGERALD,* JJ.

PER CURIAM. Plaintiff filed suit against defendant for alleged actions which resulted in the death of plaintiff's decedent. Defendant brought a motion for accelerated judgment, which was denied. Defendant sought leave to appeal. Leave was granted by this Court on July 27, 1984.

Plaintiff's original complaint, and the amended complaint filed after the motion for accelerated judgment was heard, allege that defendant negligently filled plaintiff's decedent's prescription. Plaintiff alleged that defendant supplied decedent with the drug Diabinese instead of the prescribed drug Dilalume. The Diabinese was incompatible with Inderal, another drug decedent was taking. Plaintiff alleged the incompatibility of the Inderal and the mistakenly supplied Diabinese resulted in the death of decedent.

Defendant brought a motion for accelerated judgment pursuant to GCR 1963, 116.1(5) claiming that plaintiff's claim was barred by the limitation period in MCL 600.5805(4); MSA 27A.5805(4). The trial court denied the motion. The trial court ruled

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment.

that the alleged negligence was not malpractice within the above statute. We disagree and reverse.

The question presented is whether MCL 600.5805(4); MSA 27A.5805(4) applies to negligence on the part of a pharmacist. Plaintiff argues that this is not a professional malpractice action; plaintiff claims it is a negligence action. Plaintiff thus reasons that MCL 600.5805(8); MSA 27A.5805(8), the period of limitation for negligence, applies and that MCL 600.5805(4); MSA 27A.5805(4) does not. The prescription was allegedly filled on January 13, 1981; decedent died on January 22, 1981. The suit was commenced on October 13, 1983. If the negligence limitation period applies, the action is timely, but if the malpractice limitation period of two years applies, the action is barred.

The complaint alleges a breach of duty which arose out of the professional relationship between defendant, a pharmacist, and the decedent, his client. Plaintiff has attempted to couch the complaint in terms of negligence; however, the complaint is clearly one for malpractice.[1]

---

[1] The pertinent allegations in the complaint stated:

"4) That defendant is a licensed pharmacy, authorized to compound and sell drugs.

"5) That plaintiff's decedent received a prescription from a physician for Dilalume and Inderal.

"6) That plaintiff's decedent had said prescriptions filled at defendant's establishment.

"7) That instead of giving Dilalume as called for in the written prescription, the pharmacists, an agent, servant and employee of the defendant's establishment, gave Diabinese, 250 mg., 2 tab, tid.

"8) That further Diabinese and Inderal are considered incompatible.

"9) That plaintiff's decedent died on January 22, 1981, as a result of a coma and hypoglycemia and suffered great physical and mental pain and suffering from the time of the above-mentioned negligence until he died therefrom, as a result of the foregoing, and as the sole, direct and proximate result thereof, damages were sustained by the estate and heirs at law as hereinafter set forth."

Plaintiff's later amended complaint stated:

"4) That defendant is a licensed pharmacy, authorized to compound and sell drugs.

The Michigan Supreme Court stated in *Delahunt v Finton,* 244 Mich 226, 230; 221 NW 168 (1928):

"Malpractice, in its ordinary sense, is the negligent performance by a physician or surgeon of the duties devolved and incumbent upon him on account of his contractual relations with his patient."

The duty allegedly breached, from our reading of the complaint, arose out of the professional relationship between defendant and decedent. *Cf., Rogers v Horvath,* 65 Mich App 644; 237 NW2d 595 (1975), *lv den* 396 Mich 845 (1976); *Pankow v Sables,* 79 Mich App 326; 261 NW2d 311 (1977). A similar situation arose in *Adkins v Annapolis Hospital,* 116 Mich App 558; 323 NW2d 482 (1982), *aff'd* 420 Mich 87 (1984). In that case plaintiff unsuccessfully argued that his complaint alleged negligence but not malpractice. The *Adkins* panel quoted *Cotton v Kambly,* 101 Mich App 537, 540-541; 300 NW2d 627 (1980), *lv den* 411 Mich 1033 (1981), in reply:

"5) That plaintiff's decedent received a prescription from a physician for Dilalume and Inderal.

"6) That plaintiff's decedent had said prescriptions filled at defendant's establishment.

"7) That instead of giving Dilalume as called for in the written prescription, the pharmacists, an agent, servant and employee of the defendant's establishment, gave Diabinese, 250 mg., 2 tab tid.

"8) That the pharmacist, mentioned in the preceding paragraph changed the prescription as given by the physician by adding the words '250'.

"9) That further, Diabinese and Inderal are considered incompatible.

"10) That plaintiff's decedent died on January 22, 1981, as a result of the coma and hypoglycemia and suffered great physical and mental pain and suffering from the time of the above mentioned negligence until he died therefrom, as a result of the foregoing, and as the sole, direct and proximate result thereof, damages were sustained by the estate and heirs-at-law as hereinafter set forth."

Our ruling would be the same on either complaint.

" '[M]edical malpractice * * * has been defined as the failure of a member of the medical profession, employed to treat a case professionally, to fulfill the duty to exercise that degree of skill, care and diligence exercised by members of the same profession, practicing in the same or similar locality * * *.' " *Adkins,* p 564.

It is clear to us that the defendant is a member of a licensed profession. MCL 333.17711; MSA 14.15(17711). Plaintiff has alleged a failure on the part of the defendant to properly discharge his professional duties, thus causing damage to plaintiff. The key to a malpractice claim is whether it is alleged that the negligence occurred within the course of a professional relationship. The allegations of this complaint indicate that the negligence occurred within such a relationship. No matter how we read plaintiff's complaint we must return to the conclusion that this is a malpractice claim.

MCL 600.5838; MSA 27A.5838 provides that a malpractice claim against a state licensed professional, such as the defendant, must be brought within the two-year period stated in MCL 600.5805; MSA 27A.5805. Plaintiff did not commence suit until more than two years passed. The suit was barred, and accelerated judgment should have been granted. Our conclusion is consistent with other applications of the accrual provisions of MCL 600.5838; MSA 27A.5838 and the limitation period of MCL 600.5805(4); MSA 27A.5805(4). See, *Adkins v Annapolis Hospital,* 420 Mich 87, 94-95; 360 NW2d 150 (1984); *Sam v Balardo,* 411 Mich 405; 308 NW2d 142 (1981). The limitation period of MCL 600.5805(4); MSA 27A.5805(4) applies to an action where it is alleged that a licensed pharmacist mistakenly dispenses the wrong drug, thus harming the plaintiff.

Reversed.