803 F.2d 721
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
LEONA H. REINER, Plaintiff-Appellant
v.
SANFORD ROSENTHAL, Defendant-Appellee.
 No. 85-1412.
 United States Court of Appeals, Sixth Circuit.
 Sept. 22, 1986.
 
 Before: KENNEDY and MARTIN, Circuit Judges; PECK, Senior Circuit Judge.
 
 ORDER
 
 1
 The District Court dismissed plaintiff's diversity action against her former attorney on the grounds that it was barred by Michigan's two-year statute of limitations for malpractice actions. M.C.L.A. Sec. 600.5805(4). The plaintiff, who is also an attorney, appeals pro se claiming that she is entitled to the benefit of the six-year limitation period for actions on contract. M.C.L.A. Sec. 600.5807(8). We conclude that the District Court correctly applied the two-year statute of limitations, and affirm.
 
 
 2
 The defendant was appointed by the United States District Court for the Eastern District of Michigan to represent the plaintiff in a 42 U.S.C. Sec. 1983 action, so that there would be local counsel, and so that counsel could act as a conduit for her testimony at her trial, since she was the principal witness. She claims that defendant undertook a larger responsibility for the action. The claim was dismissed in July 1980, when plaintiff failed to appear for trial. The District Court, at that time, permitted the defendant to withdraw as counsel. The dismissal was affirmed by this Court.
 
 
 3
 The plaintiff's present claim arises in the course of a professional relationship, and it is therefore a claim for malpractice. See Becker v. Meyer Rexall Drug Co., 141 Mich. App. 481, 367 N.W.2d 424 (1985), and cases cited therein. Pursuant to M.C.L.A. Sec. 600.5838(1), plaintiff's claim accrued when her relationship with her counsel was terminated by the District Court's order of July 14, 1980. Under M.C.L.A. Sec. 600.5805(4), a claim for malpractice had to be filed within two years thereafter. The instant action was not filed until November 7, 1984. The plaintiff seeks to maintain her action as one for breach of contract. The Michigan courts recognize that where there is a special agreement, a plaintiff may have a cause of action in contract separate from the claim of malpractice. In Stewart v. Rudner, 349 Mich. 459, 84 N.W.2d 816 (1957), for example, a physician had expressly agreed that the plaintiff's child would be delivered by Cesarean section. It was not and the child died. The evidence indicated that had there been a Cesarean delivery the child would have lived. The court permitted recovery on the basis of the breach of the express contract for Cesarean delivery. Although plaintiff in this case, in her amended complaint, alleges that there was an express contract, the contract she describes is no more than an undertaking to represent her in the lawsuit; the creation of the professional relationship. The alleged breach is no more than the failure to represent her with reasonable diligence and skill. The District Court properly concluded that this was not the type of express contract contemplated by Stewart.
 
 
 4
 For these reasons, this panel unanimously agrees that oral argument is not necessary in this appeal. Rule 34(a), Federal Rules of Appellate Procedure. The District Court's judgment is, accordingly, affirmed pursuant to Rule 9(d)(3), Rules of the Sixth Circuit.