BELL v MIKKOLA

Docket No. 127292. Submitted March 12, 1992, at Detroit. Decided April 21, 1992, at 9:00 A.M.

Theresa Bell brought an action in the Macomb Circuit Court against Connie Mikkola, a respiratory therapist employed by St. Joseph Hospital, alleging that she had been negligent in providing care to the plaintiff at the hospital. The court, George R. Deneweth, J., granted summary disposition for the defendant, ruling that the action was barred by the two-year period of limitation for medical malpractice actions, MCL 600.5805(4); MSA 27A.5805(4). The plaintiff appealed, claiming that because respiratory therapists are not medical professionals, the action is governed by the three-year period of limitation for negligence.

The Court of Appeals *held:*

MCL 600.5838a(1); MSA 27A.5838(1), which governs accrual of medical malpractice claims, provides in part that a claim based on the medical malpractice of a person who is or claims to be an employee or agent of a licensed health care facility or agency and who is engaging in or otherwise assisting medical treatment accrues at the time of the act or omission that is the basis of the claim. The trial court did not err in ruling that the plaintiff's action was subject to the statute of limitations for medical malpractice actions.

Affirmed.

*Donnelly W. Hadden,* for the plaintiff.

*Sullivan, Ward, Bone, Tyler, Fiott & Asher, P.C.* (by *Sheri B. Cataldo* and *Michelle A. Thomas*), for the defendant.

Before: MacKENZIE, P.J., and WAHLS and BRENNAN, JJ.

PER CURIAM. Plaintiff appeals as of right from an order granting summary disposition in favor of

defendant pursuant to MCR 2.116(C)(7) on the ground that plaintiff's claim was barred by the statute of limitations. We affirm.

Plaintiff filed this suit on November 15, 1989, alleging that defendant, who was employed as a respiratory therapist at St. Joseph Hospital, was negligent in drawing blood from plaintiff while she was a patient at the hospital on December 6, 1986. Defendant filed a motion for summary disposition, arguing that plaintiff's claim was barred by the statute that provides a two-year period of limitation for medical malpractice. MCL 600.5805(4); MSA 27A.5805(4). The trial court agreed and dismissed plaintiff's case.

On appeal, plaintiff claims that the trial court erred in granting summary disposition to defendant. Plaintiff argues that an action for malpractice can only be brought against someone who is a member of a common-law or state-licensed profession. Plaintiff contends that because defendant, a respiratory therapist, is not a member of any common-law or state-licensed profession, this action was one for negligence, not medical malpractice, so that the three-year period of limitation for negligence actions applies. Plaintiff concludes that because her action was filed within three years of the date of the alleged negligence, her claim is not time-barred. We reject plaintiff's argument.

For purposes of the statute of limitations, the accrual period for medical malpractice actions is set forth in MCL 600.5838a(1); MSA 27A.5838(1), which states in part:

> A claim based on the medical malpractice of a person who is, or who holds himself or herself out to be, a licensed health care professional, licensed health facility or agency, *employee or agent of a licensed health facility or agency who is engaging*

*in or otherwise assisting in medical care and treatment,* or any other health care professional, whether or not licensed by the state, accrues at the time of the act or omission which is the basis for the claim of medical malpractice, regardless of the time the plaintiff discovers or otherwise has knowledge of the claim. [Emphasis supplied.]

In this case, plaintiff, as a respiratory therapist employed by St. Joseph Hospital, was clearly an "employee or agent of a licensed health facility." Moreover, the alleged negligent act occurred while defendant was acting within that capacity. Therefore, the two-year period of limitation for medical malpractice found in MCL 600.5805(4); MSA 27A.5805(4) applies to plaintiff's claim. See also *Natsch v City of Southfield,* 154 Mich App 317; 397 NW2d 294 (1986). A complaint may not avoid application of the two-year malpractice period of limitation merely by couching its causes of action in terms of ordinary negligence. *MacDonald v Barbarotto,* 161 Mich App 542, 549; 411 NW2d 747 (1987). Plaintiff filed suit more than two years after the alleged negligent act. Accordingly, we find that the trial court properly granted summary disposition to defendant pursuant to MCR 2.116(C) (7) on the ground that plaintiff's claim was barred by the statute of limitations for medical malpractice.

Affirmed.