SIMMONS v APEX DRUG STORES, INC

Docket No. 141038. Submitted August 4, 1993, at Detroit. Decided August 16, 1993, at 10:00 A.M. Leave to appeal sought.

Alton Simmons brought an action in the Wayne Circuit Court against Apex Drug Stores, Inc., alleging medical malpractice as a result of the defendant's negligent filling of a prescription with the wrong medication. The prescription was filled on December 10, 1988, and the plaintiff suffered an adverse reaction to the medication on February 8, 1989. Within a few months, he engaged an attorney and negotiated with the defendant regarding a possible claim, but did not file suit until December 18, 1990. The court, John R. Kirwan, J., denied the defendant's motion for summary disposition, which alleged that the claim was barred because it was not filed within the applicable two-year period of limitation. The defendant appealed by leave granted.

The Court of Appeals *held*:

1. For claims charging malpractice arising after October 1, 1986, the period of limitation is two years. MCL 600.5805(4); MSA 27A.5805(4). The limitation period applies to an action where it is alleged that a licensed pharmacist mistakenly dispensed the wrong drug. The claim accrues at the time of the act or omission that is the basis for the claim of medical malpractice regardless of the time the plaintiff discovers or otherwise has knowledge of the claim.

2. The plaintiff may not avoid the two-year malpractice period of limitation by attempting to couch his action in terms of ordinary negligence where the alleged negligence occurred within the course of a professional relationship.

3. The three-year period of limitation applicable to an action alleging products liability does not apply in this case because this is not an action alleging the sale of a defective product.

4. A medical malpractice claim is discovered for purposes of the application of the six-month rule of MCL 600.5838a(2); MSA 27A.5838(1)(2) when the act or omission of the defendant becomes known and the plaintiff has reason to believe that the medical treatment was improper or was performed in an improper manner.

5. The plaintiff did not discover his claim any later than

February 8, 1989. Therefore, he had either two years from the date on which the claim accrued, December 10, 1988, or six months after he discovered the claim on February 8, 1989, to file his claim. His complaint was untimely, and the defendant's motion for summary disposition should have been granted.

Reversed.

*Kevin A. McNulty,* for the plaintiff.

*Sommers, Schwartz, Silver & Schwartz, P.C.* (by *Joseph E. Grinnan, Patrick Burkett,* and *Kimberly S. Hauser*), for the defendant.

Before: BRENNAN, P.J., and CORRIGAN, and R. C. ANDERSON,* JJ.

CORRIGAN, J. In this action for malpractice by a licensed pharmacist, defendant appeals by leave granted from the trial court's denial of its motion for summary disposition pursuant to MCR 2.116(C)(7) (claim barred by the statute of limitations). We reverse.

On December 10, 1988, plaintiff presented a prescription for Tepanil Tentabs (an appetite suppressant) to a pharmacist at one of defendant's stores. The prescription was filled but, allegedly as a result of defendant's negligence, plaintiff instead received another medication, Tofranil (an antidepressant). On February 8, 1989, plaintiff suffered an adverse reaction to the Tofranil. Within the following few months, he engaged an attorney and negotiated with defendant regarding a possible claim, but he did not file suit until December 18, 1990.

Defendant moved for summary disposition, citing MCL 600.5838a; MSA 27A.5838(1), on the ground that plaintiff's claim was untimely. The court denied the motion and defendant sought

---

* Circuit judge, sitting on the Court of Appeals by assignment.

leave to appeal to this Court. Defendant's application was granted and the proceedings in the lower court were stayed pending the resolution of this appeal.

The applicable standard of review under MCR 2.116(C)(7) requires us to accept plaintiff's well-pleaded allegations as true and to construe them most favorably to the plaintiff. *Beauregard-Bezou v Pierce,* 194 Mich App 388, 390-391; 487 NW2d 792 (1992); *Bonner v Chicago Title Ins Co,* 194 Mich App 462, 469; 487 NW2d 807 (1992). In reviewing a motion under MCR 2.116(C)(7), the court must consider all affidavits, pleadings, depositions, admissions, and documentary evidence filed or submitted by the parties. The motion should not be granted unless no factual development could provide a basis for recovery. *Harrison v Director of Dep't of Corrections,* 194 Mich App 446, 449; 487 NW2d 799 (1992); MCR 2.116(C)(7) and (G)(5).

The period of limitation is two years for an action charging malpractice for claims arising after October 1, 1986. MCL 600.5805(4); MSA 27A.5805(4). The accrual date for malpractice claims is determined by MCL 600.5838a; MSA 27A.5838(1):

(1) A claim based on the medical malpractice of a person who is . . . a licensed health care professional . . . *accrues at the time of the act or omission which is the basis for the claim of medical malpractice,* regardless of the time the plaintiff discovers or otherwise has knowledge of the claim. As used in this subsection:

\* \* \*

(b) "Licensed health care professional" means an individual licensed under [MCL 333.16101-333.18838; MSA 14.15(16101)-14.15(18838)]. [Emphasis added.]

Pharmacists are considered health care providers for the purposes of our malpractice statutes. *Becker v Meyer Rexall Drug Co,* 141 Mich App 481, 485; 367 NW2d 424 (1985), citing MCL 333.17711; MSA 14.15(17711) ("A person shall not engage in the practice of pharmacy unless licensed or otherwise authorized by this article."). The limitation period of MCL 600.5805(4); MSA 27A.5805(4) applies to an action where it is alleged that a licensed pharmacist mistakenly dispensed the wrong drug, thus harming the plaintiff. *Id.*

The cases plaintiff relies on are inapposite. Plaintiff's action accrued after October 1, 1986, and, thus, is governed by the present version of MCL 600.5838a; MSA 27A.5838(1). That statute explicitly provides that a claim for medical malpractice accrues "at the time of the act or omission which is the basis for the claim." Decisions relating to cases that arose before October 1, 1986, then, are inapplicable.

Plaintiff also attempts to avoid the bar of § 5805(4) by characterizing defendant's alleged negligence as something other than professional malpractice. This maneuver will not succeed. A plaintiff may not evade the appropriate limitation period by artful drafting. *MacDonald v Barbarotto,* 161 Mich App 542, 550; 411 NW2d 747 (1987), citing *State Mutual Cyclone Ins Co v O & A Electric Cooperative,* 381 Mich 318; 161 NW2d 573 (1968). The gravamen of an action is determined by reading the claim as a whole. *Aldred v O'Hara-Bruce,* 184 Mich App 488, 490; 458 NW2d 671 (1990). The type of interest allegedly harmed is the focal point in determining which limitation period controls. *Id.*

The key to a malpractice claim is whether it is alleged that the negligence occurred within the course of a professional relationship. *Bronson v*

*Sisters of Mercy Health Corp,* 175 Mich App 647, 652; 438 NW2d 276 (1989). A complaint may not avoid application of the two-year malpractice period of limitation merely by couching its causes of action in terms of ordinary negligence. *Bell v Mikkola,* 193 Mich App 708, 710; 485 NW2d 143 (1992) (action against nonlicensed employee of licensed health care facility governed by two-year statute); *MacDonald, supra* at 549-550 (complaint of negligence was "transparently" based on malpractice).

Plaintiff also attempts to characterize his action as one alleging products liability, to which a three-year period of limitation would apply. MCL 600.5805(9); MSA 27A.5805(9). Plaintiff's analysis is incorrect. This is not an action alleging the sale of a defective product. As in *Atkins v Hartford Accident & Indemnity Co,* 7 Mich App 414, 418; 151 NW2d 846 (1967), "[t]here was nothing inherently dangerous about the pills, if [properly] used . . . . [B]ut for the negligent sale of the pills, the injury would not have occurred" (holding that the exclusion for "products hazard" did not relieve a pharmacy's general liability insurer of its duty to defend against a claim it negligently sold barbituates to the plaintiff).

Summary disposition under MCR 2.116(C)(7) should not be granted if there are factual disputes regarding when discovery occurred or reasonably should have occurred. *Griffith v Brant,* 177 Mich App 583, 587; 442 NW2d 652 (1989). A court may nonetheless conclude that no genuine issue of fact exists as to when the plaintiff discovered, or should have discovered, his claim. *Mascarenas v Union Carbide Corp,* 196 Mich App 240, 245; 492 NW2d 512 (1992). A medical malpractice claim is discovered for purposes of the application of the six-

month rule of MCL 600.5838a(2); MSA 27A.5838(1)
(2) when (1) the act or omission of the defendant
becomes known, and (2) the plaintiff has reason to
believe that the medical treatment was improper
or was performed in an improper manner. *Staple-
ton v Wyandotte,* 177 Mich App 339, 350; 441
NW2d 90 (1989).

It cannot reasonably be disputed that plaintiff
discovered his claim against defendant any later
than February 8, 1989. He suffered a reaction to
the Tofranil and was hospitalized. Furthermore, he
began "negotiating his claim" with defendant's
representatives in the summer of 1989. No addi-
tional discovery could change these facts or the
conclusion that the court must draw from them.
MCL 600.5838a(1); MSA 27A.5838(1)(1) provides
that a claim accrues "at the time of the act or
omission which is the basis for the claim of medi-
cal malpractice." Plaintiff, therefore, had either
two years from the date on which his claim ac-
crued (when the wrong drug was dispensed), De-
cember 10, 1988, or six months after he discovered
the claim on February 8, 1989. Plaintiff filed suit
on December 18, 1990, i.e., more than two years
after December 10, 1988. His complaint was un-
timely. The circuit court should have granted
defendant's motion for summary disposition.

Reversed.