KUZNAR v RAKSHA CORPORATION

Docket No. 259501. Submitted May 30, 2006, at Lansing. Decided August 22, 2006, at 9:00 a.m. Leave to appeal sought.

Judith and Joseph Kuznar brought a negligence action in the Wayne Circuit Court against Raksha Corporation and Raksha employee Valerie Randall after Randall, who was not a licensed pharmacist, dispensed pills to Judith Kuznar that were eight times the prescribed strength, allegedly causing her injuries. The defendants moved for summary disposition, arguing that because the action was one of medical malpractice rather than negligence, the statutory period of limitations had expired before the action was filed. The trial court, Louis F. Simmons, Jr., J., denied the motion, and the defendants appealed.

The Court of Appeals *held*:

The action was properly classified as one involving negligence rather than medical malpractice because Crown Pharmacy was not a licensed health facility, Randall was neither a licensed health care professional nor a licensed pharmacist, and the alleged acts of negligence did not occur in the course of a professional relationship with Judith Kuznar. The action was timely filed within the statutory three-year period of limitations for ordinary negligence.

Affirmed.

1. NEGLIGENCE — MEDICAL MALPRACTICE — PRESCRIPTION MEDICATIONS.

An action to recover damages for injuries caused by an improperly filled prescription is properly classified as one of negligence rather than medical malpractice when the defendants do not include a licensed health care professional, a licensed health facility, or its agent or employee (MCL 600.5838a).

2. NEGLIGENCE — PRESCRIPTION MEDICATIONS — PHARMACIES.

A pharmacy is not a licensed health facility subject to medical malpractice actions (MCL 600.5838a).

*Kanter & Knapp, P.L.L.C.* (by *Lesley F. Knapp* and *Robert J. Kanter*), for the plaintiffs.

*Cummings, McClorey, Davis & Acho, P.L.C.* (by *Joseph Nimako* and *Jeffrey R. Clark*), for the defendants.

Before: KELLY, P.J., and MARKEY and METER, JJ.

PER CURIAM. Defendants appeal by leave granted the trial court's order denying their motion for summary disposition of plaintiffs' claims pursuant to MCR 2.116(C)(7) (period of limitations). We affirm.

### I. FACTS

This case arises out of plaintiff's[1] refilling of a prescription at defendant Raksha Corporation, doing business as Crown Pharmacy, on November 11, 2000. Plaintiff presented a prescription for 0.125-milligram tablets of Mirapex. According to plaintiff, defendant Valerie Randall, who is not a pharmacist, and who was not acting under the supervision of a pharmacist, refilled the prescription with one-milligram tablets of Mirapex.[2]

On November 13, 2000, plaintiff took a one-milligram tablet in the afternoon, and two more tablets in the early evening. According to the complaint, after ingesting the two one-milligram tablets in the evening, plaintiff began to experience agitation, loss of balance, severe dizziness, and nausea. Plaintiff spent the next several hours sick to her stomach and vomiting. Plaintiff's husband, Joseph Kuznar, awoke to the sound of a loud "thump" in the bathroom around midnight, and discovered his wife unconscious with her head on the bathtub and not appearing to be breathing. Kuznar immediately drove her to Botsford Hospital, where she

---

[1] Plaintiff Joseph Kuznar's claims are derivative of plaintiff Judith Kuznar's claims. For this reason, when used in the singular, "plaintiff" refers to Judith Kuznar.

[2] Defendants refer to Randall as a "pharmacy technician."

was treated in the emergency room for several hours, and where it was determined that she had sustained an adverse reaction to the one-milligram Mirapex tablets. After plaintiff was released from the hospital, she continued to suffer severe headaches, mental confusion, and had a large bump on her forehead, causing her to miss time from work.

Plaintiffs filed their complaint on October 7, 2003. In regard to Crown Pharmacy, plaintiffs specifically alleged that it was negligent in:

> a. Failing to dispense the appropriate medication dosage and refilling a prescription instead with eight times the prescribed dosage.
>
> b. Failing to timely recognize the error made in dispensing medications.
>
> c. Allowing persons other than a licensed pharmacist to refill prescriptions.
>
> d. Failing to have a licensed pharmacist available on site to oversee, supervise and control the actions of persons not pharmacists who refilled prescriptions.

In regard to Randall, plaintiffs specifically alleged negligence in:

> a. Dispensing medication which she was not qualified to dispense as she was not a licensed pharmacist.
>
> b. Failing to dispense the appropriate medication dosage and refilling a prescription instead with eight times the prescribed dosage.
>
> c. Failing to timely recognize the error made in dispensing medications.
>
> d. Failing to consult with a licensed pharmacist before dispensing medications.

Defendants moved for summary disposition, arguing that, contrary to the allegations in plaintiffs' complaint, plaintiffs' claims sound in medical malpractice rather

than negligence, and plaintiffs' complaint was not timely filed within the two-year limitations period applicable to medical malpractice actions. Plaintiffs responded, arguing that Randall is not a licensed pharmacist and is, therefore, not subject to the medical malpractice statutes, and that no medical expert testimony would be necessary for a jury to understand that an unlicensed individual cannot dispense medication without the supervision of a licensed pharmacist, or that dispensing eight times the prescribed dosage is an error that can lead to foreseeable injury. The trial court denied defendants' motion.

Defendants appeal the trial court's denial of summary disposition. Defendants contend, as they did below, that plaintiffs' claims sound in medical malpractice, not ordinary negligence, and therefore plaintiffs' complaint was not timely filed. Defendants argue that Crown Pharmacy is a licensed health facility, that Randall was an agent of that health facility, and that medical expert testimony will be necessary for a jury to determine whether there was negligence in the dispensing of medicine and in the supervision of Randall.

## II. ANALYSIS

The issue presented is whether plaintiffs' claims sound in medical malpractice or ordinary negligence. The answer to this question determines whether plaintiffs' claims should have been dismissed for failure to file the complaint within the applicable statutory period of limitations. The statutory period of limitations for a medical malpractice action is two years, whereas the statutory period of limitations for an ordinary negligence action is three years. See MCL 600.5805(6) and MCL 600.5805(10). Defendants contend that plaintiffs

alleged medical malpractice and their claims are barred by the two-year limitations period.[3] We disagree.

Whether a period of limitations applies in particular circumstances is a legal question that this Court considers de novo. *Detroit v 19675 Hasse,* 258 Mich App 438, 444-445; 671 NW2d 150 (2003).

> We [also] review de novo decisions regarding summary disposition motions. Under MCR 2.116(C)(7), summary disposition is proper when a claim is barred by the statute of limitations. In determining whether summary disposition was properly granted under MCR 2.116(C)(7), this Court "consider[s] all documentary evidence submitted by the parties, accepting as true the contents of the complaint unless affidavits or other appropriate documents specifically contradict them." [*Waltz v Wyse,* 469 Mich 642, 647-648; 677 NW2d 813 (2004), quoting *Fane v Detroit Library Comm,* 465 Mich 68, 74; 631 NW2d 678 (2001) (footnotes omitted).]

In determining whether plaintiffs alleged medical malpractice or ordinary negligence, we disregard the label plaintiffs applied to their claims. It is well established that "the gravamen of an action is determined by reading the claim as a whole," *Simmons v Apex Drug Stores, Inc,* 201 Mich App 250, 253; 506 NW2d 562 (1993), and by looking "beyond the procedural labels to determine the exact nature of the claim," *MacDonald v Barbarotto,* 161 Mich App 542, 547; 411 NW2d 747 (1987).

In *Bryant v Oakpointe Villa Nursing Centre, Inc,* 471 Mich 411, 422; 684 NW2d 864 (2004), our Supreme Court set forth the "two defining characteristics" of a

---

[3] There are also procedural requirements that must be fulfilled to properly initiate a medical malpractice action. For example, a plaintiff must file, 182 days before the action is commenced, notice of intent to file suit, and file, along with the complaint, an affidavit of merit. MCL 600.2912b; MCL 600.2912d. It is undisputed that plaintiffs did not comply with these requirements.

medical malpractice claim: "First, medical malpractice can occur only ' "within the course of a professional relationship." ' Second, claims of medical malpractice necessarily 'raise questions involving medical judgment.' " (Citations omitted.)

The *Bryant* Court explained:

> A professional relationship sufficient to support a claim of medical malpractice exists in those cases in which a licensed health care professional, licensed health care facility, or the agents or employees of a licensed health care facility, were subject to a contractual duty that required that professional, that facility, or the agents or employees of that facility, to render professional health care services to the plaintiff. [*Id.* (citations omitted).]

Addressing the question whether the alleged negligence occurred within a professional relationship, we turn to relevant statutes bearing on the parties' relationship. With respect to medical malpractice actions, MCL 600.5838a sets forth the time frames for pursuing such actions, which may be filed against "a person or entity who is or who holds himself or herself out to be a licensed health care professional, licensed health facility or agency, or an employee or agent of a licensed health facility or agency who is engaging in or otherwise assisting in medical care and treatment . . . ." MCL 600.5838a(1). Under § 5838a(1)(a), " 'Licensed health facility or agency' means a health facility or agency licensed under article 17 of the public health code . . . being sections 333.20101 to 333.22260 . . . ." Because the licensure requirement applicable to a pharmacy appears in article 15 of the public health code, specifically MCL 333.17741, and not in article 17, a pharmacy does not qualify as a "licensed health facility or agency" subject to malpractice actions, as set forth in MCL 600.5838a(1).

Although we conclude today that a *pharmacy* is not a licensed health facility subject to malpractice actions, we recognize that this Court has held that *pharmacists* are "licensed health care professionals" subject to medical malpractice actions:

> Pharmacists are considered health care providers for the purposes of our malpractice statutes. *Becker v Meyer Rexall Drug Co*, 141 Mich App 481, 485; 367 NW2d 424 (1985), citing MCL 333.17711; MSA 14.15(17711) ("A person shall not engage in the practice of pharmacy unless licensed or otherwise authorized by this article."). The limitation period of MCL 600.5805(4); MSA 27A.5805(4)[4] applies to an action where it is alleged that a licensed pharmacist mistakenly dispensed the wrong drug, thus harming the plaintiff. [*Simmons, supra* at 253.]

In both *Becker* and *Simmons*, however, the plaintiffs alleged negligent acts by a pharmacist, *Becker, supra* at 483; *Simmons, supra* at 251. And a pharmacist is a "licensed health care professional." MCL 600.5838a(1)(b).[5] This case is distinguishable from *Becker* and *Simmons* in that plaintiffs have not alleged negligence of a licensed pharmacist, but rather of Randall, who is a pharmacy technician, not a licensed health care professional subject to malpractice suits under MCL 600.5838a(1)(b).

We also recognize that this Court has held that, as contemplated by MCL 600.5838a(1), the negligent acts of unlicensed agents or employees of licensed health facilities may be subject to medical malpractice claims.

---

[4] When the cause of action accrued in this case, November 2000, the medical malpractice period of limitations appeared at MCL 600.5805(5).

[5] This statute defines a "licensed health care professional" as "an individual licensed or registered under article 15 of the public health code ... being sections 333.16101 to 333.18838," and the licensure requirement applicable to pharmacists appears in article 15, specifically MCL 333.17711.

*Bell v Mikkola*, 193 Mich App 708, 709-710; 485 NW2d 143 (1992). As explained above, however, Crown Pharmacy is not a "licensed health facility or agency" pursuant to MCL 600.5838a(1)(a).

Because neither Randall nor Crown Pharmacy qualifies as a licensed health care professional or a licensed health facility, and because plaintiffs' complaint does not allege negligent acts of a licensed pharmacist, we conclude that the alleged negligent acts of defendants did not occur in the course of a professional relationship with plaintiff. Given the absence of a professional relationship, we need not address the second defining characteristic of a medical malpractice claim, i.e., whether the alleged malpractice raises questions involving medical judgment. The absence of a professional relationship alone excludes plaintiffs' claims from the realm of medical malpractice. Accordingly, the procedural and substantive requirements governing medical malpractice actions do not apply in this case. *Bryant, supra* at 422. Therefore, the trial court properly denied defendants' motion for summary disposition premised on the two-year medical malpractice period of limitations.[6] Plaintiffs timely commenced their negligence action on October 7, 2003, within three years of the alleged acts of negligence that occurred in November 2000. MCL 600.5805(10).

Affirmed.

---

[6] Although the rationale supporting the trial court's denial of summary disposition is not entirely clear, this Court will not reverse when a circuit court reaches a correct result for a wrong reason. *Computer Network, Inc v AM Gen Corp*, 265 Mich App 309, 313; 696 NW2d 49 (2005).