*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

TAMEKA MCCREE,

        Plaintiff-Appellant,

v

CONTINENTAL MANAGEMENT, LLC,

        Defendant-Appellee,

and

FOURMIDABLE GROUP, INC, and
GRAYHAVEN-LENOX LIMITED DIVIDEND
HOUSING ASSOCIATION LIMITED
PARTNERSHIP, doing business as GRAYHAVEN
MARINA VILLAGE,

        Defendants.

UNPUBLISHED
March 18, 2021

No. 351171
Wayne Circuit Court
LC No. 17-006575-NO

Before: MURRAY, C.J., and JANSEN and STEPHENS, JJ.

PER CURIAM.

Plaintiff appeals by delayed leave granted the trial court's order and opinion granting summary disposition in favor of defendant Continental Management, LLC.[1] *McCree v Continental Management, LLC*, unpublished order of the Court of Appeals, entered February 12, 2020 (Docket No. 351171). We affirm in part and reverse in part, and remand for further proceedings.

## I. FACTS

---

[1] Because Continental Management is the only defendant participating in this appeal, references to "defendant" in this opinion will mean Continental Management.

The Michigan State Housing Development Authority (MSHDA) acquired in foreclosure proceedings a multifamily housing development commonly known as Grayhaven Marina Village, which includes 190 "dwelling units." In May 2006, plaintiff moved into an apartment on the property pursuant to a lease agreement that was subsequently revised. The Fourmidable Group, Inc., was the management agent for the property from 1988 to March 2012. In April 2012, the MSHDA and defendant entered into a management agreement, in which the MSHDA appointed defendant as "the exclusive managing agent" of the property.

In either 2009 or 2010, plaintiff began to experience health issues that included shortness of breath. In August 2012, plaintiff underwent a lung biopsy, which revealed a pattern consistent with nonspecific interstitial pneumonia (NSIP).[2] Plaintiff testified that at the time of her biopsy her physician asked if she had been exposed to mold, and that plaintiff should investigate whether it exists in her living space. Plaintiff testified that she in fact asked defendant to check into whether mold existed in her apartment, but was told it was her responsibility to test for it.

Dr. Jeffrey Jennings explained that plaintiff's NSIP could have been idiopathic NSIP (i.e., of unknown cause), or a manifestation of hypersensitivity pneumonitis (HP), which is "an immunological reaction that the lung undergoes in response to some inhaled antigen that causes a characteristic inflammation of the lungs a certain period of time after exposure to the agent." Dr. Jennings advised plaintiff to "check into" whether she had been exposed to molds. Plaintiff's apartment was not tested for mold in 2012, however.

Plaintiff first saw mold in the apartment in November 2014. She saw "something on the wall that looked like a mushroom," and additional mold was discovered under the apartment's carpet. Plaintiff informed the property's management office, and she was eventually permitted to move to a different apartment at the property. Subsequently, on May 1, 2017, plaintiff filed a 10-count complaint alleging: (1) violations of state housing laws, (2) negligence, (3) nuisance, (4) breach of lease agreement, (5) breach of nondelegable duties, (6) breach of statutory duties, (7) gross negligence, (8) violation of the Truth in Renting Act (TRA), MCL 554.631 *et seq*., (9) violation of the Michigan Consumer Protection Act (MCPA), MCL 445.901 *et seq*., and (10) violation of Detroit municipal codes.[3]

Defendant moved for summary disposition under MCR 2.116(C)(7) (statute of limitations), (8) (failure to state a claim), and (10) (no question of material fact). The trial court ultimately granted defendant's motion on the grounds that plaintiff conceded that she failed to state a claim for three of the counts, that her negligence claim was untimely under the applicable statute of

---

[2] According to plaintiff's pulmonologist, Dr. Jeffrey Jennings, NSIP is "the histological finding that one would see on a biopsy of a lung in a patient who has a condition generically referred to as interstitial lung disease." Dr. Jennings clarified that NSIP was "just a pattern" and "not a diagnosis."

[3] Plaintiff's complaint also identified Fourmidable and Grayhaven-Lenox Limited Dividend Housing Association Limited Partnership as defendants. Ultimately, the trial court entered a stipulated order dismissing Fourmidable with prejudice, and the court clerk entered a default against Grayhaven-Lenox Limited Dividend Housing Association Limited Partnership.

limitations, and that the remaining claims were also barred under the same statute of limitations because they were all merely relabeled personal injury claims. This appeal followed.

## II. STANDARDS OF REVIEW

This Court reviews a trial court's decision on a motion for summary disposition de novo. *Zaher v Miotke*, 300 Mich App 132, 139; 832 NW2d 266 (2013). The trial court dismissed Counts V (breach of nondelegable duties), VII (gross negligence), and X (violation of Detroit codes) based upon plaintiff's admission that they failed to state claims. The remaining claims were dismissed as untimely under the three-year statute of limitations.

"A summary disposition motion brought under subrule (C)(7) does not test the merits of a claim but rather certain defenses that may eliminate the need for a trial." *Nash v Duncan Park Comm*, 304 Mich App 599, 630; 848 NW2d 435 (2014), vacated in part on other grounds 497 Mich 1016 (2015) (quotation marks and citation omitted). Those defenses include statutes of limitations. MCR 2.116(C)(7). "In reviewing a motion for summary disposition under MCR 2.116(C)(7), a court considers the affidavits, pleadings, and other documentary evidence presented by the parties and accepts the plaintiff's well-pleaded allegations as true, except those contradicted by documentary evidence." *McLean v Dearborn*, 302 Mich App 68, 72-73; 836 NW2d 916 (2013).

"A court may grant summary disposition under MCR 2.116(C)(8) if '[t]he opposing party has failed to state a claim on which relief can be granted.' A motion brought under subrule (C)(8) tests the legal sufficiency of the complaint solely on the basis of the pleadings." *Dalley v Dykema Gossett*, 287 Mich App 296, 304; 788 NW2d 679 (2010), quoting *Corley v Detroit Bd of Ed*, 470 Mich 274, 277; 681 NW2d 342 (2004) (alteration in original). "When considering such a motion, a trial court must accept all factual allegations as true, deciding the motion on the pleadings alone." *El-Khalil v Oakwood Healthcare, Inc*, 504 Mich 152, 160; 934 NW2d 665 (2019). "A motion under MCR 2.116(C)(8) may only be granted when a claim is so clearly unenforceable that no factual development could possibly justify recovery." *Id*.

"Generally, this Court reviews de novo '[t]he interpretation of statutes and court rules.' " *Simcor Constr, Inc v Trupp*, 322 Mich App 508, 513; 912 NW2d 216 (2018), quoting *Estes v Titus*, 481 Mich 573, 578-579; 751 NW2d 493 (2008) (alteration in original). "Whether a period of limitations applies in particular circumstances is a legal question that this Court considers de novo." *Kuznar v Raksha Corp*, 272 Mich App 130, 134; 724 NW2d 493 (2006), aff'd 481 Mich 169 (2008).

## III. STATUTES OF LIMITATIONS

"A 'statute of limitations' is a 'law that bars claims after a specified period; specif[ically], a statute establishing a time limit for suing in a civil case, based on the date when the claim *accrued*.' " *Frank v Linkner*, 500 Mich 133, 142; 894 NW2d 574 (2017), quoting *Black's Law Dictionary* (10th ed) (alteration in original).

MCL 600.5805 "is commonly known as the general tort statute of limitations because it is a compilation of the limitations on the *general tort remedies*." *Miller-Davis Co v Ahrens Constr, Inc*, 489 Mich 355, 363; 802 NW2d 33 (2011) (quotation marks and citation omitted). Under MCL

600.5805(2), generally "the period of limitations is 3 years after the time of the death or injury for all actions to recover damages for the death of a person or for injury to a person or property."[4]

"In contrast to MCL 600.5805, the next section in the code, MCL 600.5807, sets forth the limitations periods for suits seeking damages for breaches of contract." *Miller-Davis Co*, 489 Mich at 364. Generally, the period of limitations for "an action to recover damages or money due for breach of contract" is six years. MCL 600.5807(9).

An action under the MCPA must be brought within either six years "after the occurrence of the method, act, or practice which is the subject of the action," or within one year after the last payment in a transaction involving the method, act, or practice, "whichever period of time ends at a later date." MCL 445.911(7). Except where otherwise expressly provided, "[a]ll other personal actions shall be commenced within the period of 6 years after the claims accrue and not afterwards unless a different period is stated in the statutes." MCL 600.5813.

MCL 600.5827 provides that a "period of limitations runs from the time the claim accrues," and that "the claim accrues at the time the wrong upon which the claim is based was done regardless of the time when damage results." " 'The wrong is done when the plaintiff is harmed rather than when the defendant acted.' " *Trentadue v Buckler Lawn Sprinkler*, 479 Mich 378, 388; 738 NW2d 664 (2007), quoting *Boyle v Gen Motors Corp*, 468 Mich 226, 231 n 5; 661 NW2d 557 (2003). Thus, in "a breach of contract action, the limitations period generally begins to run on the date that the breach occurs." *Seyburn, Kahn, Ginn, Bess, Deitch & Serlin, PC v Bakshi*, 483 Mich 345, 355; 771 NW2d 411 (2009). And a claim "based on breach of a warranty of quality or fitness . . . accrues at the time the breach of the warranty is discovered or reasonably should be discovered." MCL 600.5833.

A. NONDELEGABLE DUTIES, GROSS NEGLIGENCE, AND MUNICIPAL CODES

Plaintiff's brief does not address the trial court's recognition that her counsel conceded that she failed to state valid claims of breach of nondelegable duties, gross negligence, or violation of Detroit municipal codes. Nonetheless, plaintiff asserts in her brief that the trial court erroneously dismissed all of her claims on the ground they were all in essence untimely personal injury claims barred by MCL 600.5805(2). Thus, plaintiff does not actually challenge the basis for the trial court's dismissal of those three counts, and plaintiff has abandoned any challenge to their dismissal. *Wolfe v Wayne-Westland Community Schs*, 267 Mich App 130, 139; 703 NW2d 480 (2005). See also, *Braverman v Granger*, 303 Mich App 587, 608; 844 NW2d 485 (2014) ("A party who expressly agrees with an issue in the trial court cannot then take a contrary position on appeal").

---

[4] MCL 600.5805 provides different periods of limitations for certain types of claims, none of which is relevant here.

B.  NEGLIGENCE

The trial court ruled that plaintiff's May 1, 2017 negligence[5] claim was barred by the applicable three-year period of limitations because plaintiff's claim accrued in 2009 or 2010, when she first experienced symptoms, or at the latest in 2012, when her biopsy revealed signs of NSIP and her physician alerted her to the potential that mold caused the NSIP.  Plaintiff argues that the trial court erred when it ruled that her negligence claim was barred by the statute of limitations.

Because it was undisputed that after her biopsy in 2012 plaintiff was informed she had signs of NSIP, and her physician suggested mold as a possible cause and that she should check to see if it was in her apartment, the trial court properly held that plaintiff's complaint, filed more than four years later on May 1, 2017, was untimely.  By the time plaintiff received her biopsy results, she was aware of an injury (the NSIP) and the potential cause (mold in her apartment). This started the statute of limitations, and the three years expired well before May 1, 2017.

Plaintiff asserts that the trial court erred because there were questions of fact regarding whether mold was present in her apartment before 2014, and that it was possible that the mold merely aggravated her preexisting lung condition.  In support, plaintiff relies upon Dr. Jennings's testimony that mold could not have been the cause of plaintiff's NSIP if mold was not present when plaintiff's pulmonary symptoms developed, but that the presence of mold could have made plaintiff's symptoms worse.  As a result, plaintiff speculates that the presence of mold in her apartment could have aggravated a preexisting condition, but plaintiff does not specify when such an aggravation might have occurred.  And, plaintiff contends that she had insufficient notice that she was harmed until the mold was discovered in November 2014, because Dr. Jennings did not "relate her severe pulmonary condition to mold exposure" until that time.

Plaintiff's contention is unavailing.  For purposes of claim accrual, a wrong is done when a plaintiff is actually harmed rather than when a defendant acted.  *Trentadue*, 479 Mich at 388. Although the relevant inquiry is when the harm occurred, plaintiff does not identify any evidence revealing when an aggravation of her symptoms took place, or to indicate that her symptoms were aggravated at any time.  Additionally, Dr. Jennings testified that the severity of plaintiff's symptoms actually lessened from 2012 to 2013, and plaintiff alleged in her complaint that the mold was present in 2010.  As such, and even assuming that plaintiff's condition was idiopathic NSIP rather than HP, plaintiff's contention fails absent any showing that plaintiff was actually harmed by an aggravation caused by mold.

Plaintiff's suggestion that her claim was tolled until the discovery of the mold fails because any reliance on a general discovery is unavailing because "the relevant sections of the Revised Judicature Act comprehensively establish limitations periods, times of accrual, and tolling for civil

---

[5] "To establish a prima facie case of negligence, a plaintiff must prove the following elements: (1) the defendant owed the plaintiff a legal duty, (2) the defendant breached the legal duty, (3) the plaintiff suffered damages, and (4) the defendant's breach was a proximate cause of the plaintiff's damages." *Loweke v Ann Arbor Ceiling & Partition Co, LLC*, 489 Mich 157, 162; 809 NW2d 553 (2011).

cases," and do not include a discovery provision for negligence claims. *Id*. at 390.[6] The trial court properly granted summary disposition of plaintiff's negligence claim as being barred by the three-year statute of limitations.

## C. NUISANCE

For much the same reasoning we reject plaintiff's argument that the trial court erred when it ruled that plaintiff's nuisance claim was untimely under the same three-year statute because the trial court disregarded the continuing wrongs doctrine.

"Historically, Michigan has recognized two distinct versions of nuisance, public nuisance and private nuisance." *Adkins v Thomas Solvent Co*, 440 Mich 293, 302; 487 NW2d 715 (1992). A public nuisance claim is based on "an unreasonable interference with a common right enjoyed by the general public." *Cloverleaf Car Co v Phillips Petroleum Co*, 213 Mich App 186, 190; 540 NW2d 297 (1995). A private nuisance is "a nontrespassory invasion of another's interest in the private use and enjoyment of land." *Adkins* 440 Mich at 302. Therefore, a private nuisance is an injury to property that is subject to the three-year period of limitations under MCL 600.5805(2).

Formerly, the Supreme Court "recognized an exception to the application of a statutory period of limitations '[w]here there are continuing wrongful acts . . . .' " *Marilyn Froling Revocable Living Trust v Bloomfield Hills Country Club*, 283 Mich App 264, 280; 769 NW2d 234 (2009), quoting *Defnet v Detroit*, 327 Mich 254, 258; 41 NW2d 539 (1950) (alteration in original). Under this doctrine, a period of limitations would not begin to run on the first occurrence of a wrongful act if the wrongful act was of a continuing nature, but instead would begin to run once the continuing wrong was abated. *Marilyn Froling Revocable Living Trust*, 283 Mich App at 280. This doctrine was applied to nuisance cases. *Id*.

The continuing wrongs doctrine has, however, been "completely and retroactively abrogated" in Michigan, including in nuisance cases. *Id*. at 288. True to this point, the Michigan Supreme Court recently discussed when a nuisance claim accrues, and reiterated that the "period of limitations began to run from the date that [the] 'wrong' occurred." *Henry v Dow Chem Co*, 501 Mich 965, 965; 905 NW2d 601 (2018). Accord *Garg v Macomb Co Community Mental*

---

[6] Previously, a claimant who was unaware of any basis for an action could avoid "the harsh result of barring any lawsuit" after the period of limitations expired through "the operation of a court-created discovery rule," whereby "a claim does not accrue until a plaintiff knows, or objectively should know, that he has a cause of action and can allege it in a proper complaint." *Trentadue*, 479 Mich at 388-389. However, because "the Legislature has exercised its power to establish tolling based on discovery under particular circumstances, but has not provided for a general discovery rule that tolls or delays the time of accrual if a plaintiff fails to discover the elements of a cause of action during the limitations period, no such tolling is allowed." *Id*. at 391.

*Health Servs*, 472 Mich 263, 284, 290; 696 NW2d 646 (2005); *Twp of Fraser v Haney*, 327 Mich App 1, 11-12; 932 NW2d 239 (2018), vacated on other grounds 504 Mich 968 (2019).

Plaintiff's nuisance claim essentially reiterated all of the allegations raised in support of her negligence claim, but she asserts that under the continuing wrongs doctrine the period of limitations did not begin until she moved from her apartment in 2014 following the discovery of mold. But as noted, the continuing wrongs doctrine has been abrogated, and because she otherwise fails to establish that the nuisance claim accrued at a time different than her negligence claim, the trial court did not err in dismissing the nuisance claim on statute of limitations grounds.

## D. CONTRACT RELATED CLAIMS

The trial court ruled that plaintiff's remaining claims were also untimely under the three-year statute of limitations applicable to personal injury claims on the ground that those claims were all essentially personal injury claims. With respect to the breach of lease agreement in Count IV, which is based upon an express contract, we hold that the trial court erred in concluding that the claim was for personal injury and subject to the three-year statute of limitations.

"In deciding which period of limitations controls, we must first determine the true nature of the claim." *In re Gerald L Pollack Trust*, 309 Mich App 125, 158; 867 NW2d 884 (2015) (quotation marks and citation omitted). "Courts are not bound by the labels that parties attach to their claims." *Buhalis v Trinity Continuing Care Servs*, 296 Mich App 685, 691; 822 NW2d 254 (2012). "It is well established that the gravamen of an action is determined by reading the claim as a whole, and by looking beyond the procedural labels to determine the exact nature of the claim." *Kuznar*, 272 Mich App at 134 (quotation marks and citations omitted). Accordingly, the period of limitations applicable to a claim depends on the actual nature of the claim. *Adams v Adams (On Reconsideration)*, 276 Mich App 704, 710; 742 NW2d 399 (2007). "The type of interest allegedly harmed is the focal point in determining which limitation period controls." *Aldred v O'Hara-Bruce*, 184 Mich App 488, 490; 458 NW2d 671 (1990).

As the Supreme Court explained, "if an action is founded on a 'consensual' duty or obligation or the breach of an 'express promise,' the action is not for personal injury. It is an action to recover damages for breach of contract and is governed by the six-year statute of limitations in MCL 600.5807." *Miller-Davis Co*, 489 Mich at 364-365. "By contrast, when an action is founded on a 'non-consensual' duty or one 'imposed by law,' the action is generally governed by the three-year statute of limitations in MCL 600.5805." *Id*. at 365, quoting *Huhtala v Travelers Ins Co*, 401 Mich 118, 130-132; 257 NW2d 640 (1977). See also *In re Bradley Estate*, 494 Mich 367, 384; 835 NW2d 545 (2013) ("when a party breaches a duty stemming from a legal obligation, other than a contractual one, the claim sounds in tort").

"Where the nature and origin of an action to recover damages for injury to persons or property is a duty imposed by law, . . . it cannot be maintained on a contract theory when commenced beyond the 3-year period." *Huhtala*, 401 Mich at 126-127. Accordingly, "if a plaintiff seeks recovery for damages for injury to person or property the 3-year rule applies irrespective of how plaintiff proceeded to seek such recovery" because "it makes no difference what form of action the plaintiff institutes seeking recovery for damages to property or person . . . ." *State Mut Cyclone Ins Co v O & A Electric Co-op*, 381 Mich 318, 324; 161 NW2d

573 (1968). See also *Miller-Davis Co*, 489 Mich at 365 (explaining that any action to recover damages for injury to persons or property is a tort action). The foregoing was premised on "a total absence of any legislative mandate or thought that [the Court] distinguish between actions on express contracts to recover damages for injury to person or property and actions based upon implied contract . . . ." *State Mut Cyclone Ins Co*, 381 Mich at 325.

In its lease with plaintiff, defendant promised that the "premises and all common areas" would be "fit for the use intended by the parties," that the premises would be "kept in reasonable repair," and that defendant would comply "with applicable health and safety laws" of the state and local government. In her complaint, plaintiff alleged that defendant violated the lease by failing to maintain the premises in a clean and habitable condition, thus denying plaintiff quiet enjoyment of the premises. Plaintiff also alleged that she suffered the same injuries because of defendant's breaches as she did from the torts defendant allegedly committed.[7]

As explained earlier, if an action is based on a " 'consensual' duty or obligation or the breach of an 'express promise,' the action is not for personal injury." *Miller-Davis Co*, 489 Mich at 364. We conclude that the trial court erred when it applied a three-year statute of limitations to plaintiff's breach-of-contract claim because the six-year limitations period for breach-of-contract actions applies. The lease was a consented-to agreement that created the duties plaintiff claims defendant violated. In other words, her interest under this count was in the rights guaranteed to her in the lease. While plaintiff alleges identical damages with her negligence and breach-of-contract claims, the breach-of-contract claim is nonetheless based on alleged breaches of express duties found within the lease agreement that are distinct from defendant's common-law duties. Dismissal of Count IV on the basis of the three-year statute of limitations was in error.

This also holds true with respect to Count VI, for the duties imposed by MCL 554.139 are by law considered a part of every lease agreement. MCL 554.139(1); *Allison v AEW Capital Mgt, LLP*, 481 Mich 419, 425-426; 751 NW2d 8 (2008) ("The statutory protection under MCL 554.139(1) arises from the existence of a residential lease and consequently becomes a statutorily mandated term of such lease," and therefore "a breach of the duty to maintain the premises under MCL 554.139(1)(a) or (b) would be construed as a breach of the terms of the lease between the parties and any remedy under the statute would consist exclusively of a contract remedy."). As a result, the three-year statute of limitations was not applicable to Count VI because those duties were also part of the lease agreement.

---

[7] Plaintiff alleged she was injured as follows as a result of each wrongful act of defendant: (1) pulmonary injury; (2) cardiac injury; (3) cognitive injury; (4) rheumatological injuries; (5) diminished life expectancy; (6) hair loss; (7) physical disablement; (8) lost enjoyment of normal life; (9) potential aggravation of preexisting conditions "and/or" dormant conditions; (10) diminished capacity to ambulate; and (11) "personal injuries which have yet to be determined." Additionally, plaintiff alleged that she suffered "financial damages" that included medical expenses and lost wages, along with other damages that were yet to be determined.

## E. STATUTORY CLAIMS UNDER COUNTS I AND VII

The same does not hold true regarding plaintiff's argument that the trial court erred when it dismissed her claim under Count I (alleging a violation of the Housing Law of Michigan, MCL 125.401 *et seq*.) and Count VII (alleging a violation of the TRA), for being filed beyond the three-year statute of limitations. We conclude that the trial court did not err, as both of these claims are premised upon a nonconsensual duty imposed by law, and therefore are subject to a three-year statute of limitations. *Miller-Davis*, 489 Mich at 365.

Under MCL 125.533(1), "[t]he owner of premises regulated by this act shall comply with all applicable provisions of the act." An "occupant has a cause of action under the housing law" under MCL 125.536.[8] *Buhalis*, 296 Mich App at 698. Plaintiff alleged in her complaint that defendant violated MCL 125.474 and MCL 125.485 because her apartment was not in a habitable condition.

Under MCL 554.636, a tenant may bring an action against a landlord if a rental agreement violates MCL 554.633, and the landlord fails to cure the violation within 20 days of receiving notice of the violation from the tenant pursuant to the notice provision of the TRA. Plaintiff's complaint alleged that some provisions of defendant's lease violated MCL 554.633(1)(a), (e), (f), (k), and (m).

Both of these claims are subject to a three-year statute of limitations because they are based solely on the rights imposed upon defendant by law, as opposed to a contractually consented-to duty. And, unlike the provisions within MCL 554.139(1), the provisions within the Housing Law and TRA are not by law imposed into every lease. Thus, they are not a part of the agreement between plaintiff and defendant, and are instead, as noted, imposed by law. Hence, the trial court correctly held that Counts I and VII were subject to dismissal under MCL 600.5805(2).

## F. MICHIGAN CONSUMER PROTECTION ACT

Plaintiff asserts that the trial court erred when it ruled that her claims under the MCPA were relabeled personal injury claims thus subject to a three-year period of limitations.

Under the MCPA, "[u]nfair, unconscionable, or deceptive methods, acts, or practices in the conduct of trade or commerce are unlawful . . . ." MCL 445.903(1). See also *Zine v Chrysler Corp*, 236 Mich App 261, 270-271; 600 NW2d 384 (1999). "[T]rade or commerce" includes the renting or leasing of real property. MCL 445.902(1)(g).

Plaintiff's complaint alleged that defendant violated several provisions of the MCPA, including MCL 445.903(1)(n), (s), (t), and (bb). The trial court ruled that plaintiff's claim under

---

[8] Under MCL 125.536(1), if an "owner of a dwelling regulated by this act permits unsafe, unsanitary or unhealthful conditions to exist unabated in any portion of the dwelling" then "any occupant, after notice to the owner and a failure thereafter to make the necessary corrections, shall have an action against the owner for such damages he has actually suffered as a consequence of the condition."

the MCPA was a relabeled personal injury action because all of plaintiff's claims alleged the same damages. However, the MCPA contains a specific statute of limitations requiring that claims be brought within either six years "after the occurrence of the method, act, or practice which is the subject of the action," or within one year after the last payment in a transaction involving the method, act, or practice, "whichever period of time ends at a later date." MCL 445.911(7). Therefore, the trial court applied the incorrect statute of limitations when it granted summary disposition of plaintiff's claim under the MCPA.

However, defendant contends, as an alternative ground for affirmance, that the trial court's grant of summary disposition of plaintiff's MCPA claim was proper because defendant was not subject to the MCPA. Although as "a general rule, this Court declines to consider an issue that was not decided by the trial court," *Smit v State Farm Mut Auto Ins Co*, 207 Mich App 674, 685; 525 NW2d 528 (1994), defendant presented this argument to the trial court and to our Court, and plaintiff has addressed the argument here as well. And, because the argument entails an issue of law that requires no deference to any decision below, we will consider the argument. *Smith v Foerster-Bolser Constr, Inc*, 269 Mich App 424, 427; 711 NW2d 421 (2006).

The MCPA does not apply to a "transaction or conduct specifically authorized under laws administered by a regulatory board or officer acting under statutory authority of this state or the United States." MCL 445.904(1)(a). "[T]he relevant inquiry is not whether the specific misconduct alleged by the plaintiffs is specifically authorized. Rather, it is whether the general transaction is specifically authorized by law, regardless of whether the specific misconduct alleged is prohibited." *Smith v Globe Life Ins Co*, 460 Mich 446, 465; 597 NW2d 28 (1999), superseded in part on other grounds by statute as stated in *Dell v Citizens Ins Co of America*, 312 Mich App 734, 742 (2015). Under MCL 125.1422(t), the MSHDA is authorized to "lease real or personal property and to accept federal funds for, and participate in, federal programs of housing assistance." Moreover, the MSHDA "possesses all powers necessary or convenient to carry out this act . . . ." MCL 125.1422.

It is undisputed that defendant is the MSHDA's management agent for the property. Therefore, so long as defendant acted as the MSHDA's agent in leasing the apartment, then defendant is not subject to the MCPA because defendant's actions were specifically authorized by law. Accordingly, the trial court reached the correct result, albeit for the wrong reason. *Forest Hills Coop v Ann Arbor*, 305 Mich App 572, 615; 854 NW2d 172 (2014).

IV. CONCLUSION

Affirmed in part, vacated in part, and remanded for further proceedings consistent with this

opinion.[9]  We do not retain jurisdiction.

/s/ Christopher M. Murray
/s/ Kathleen Jansen
/s/ Cynthia Diane Stephens

---

[9] It appears that the dispositive issue on remand will be whether plaintiff *can* recover the personal injury damages she has alleged under the breach-of-contract count (which, currently, are the same as those for her tort claims), an issue that was not before us.  See *Mobil Oil Corp v Thorn*, 401 Mich 306; 258 NW2d 30 (1977).