Tierney v UNIVERSITY OF MICHIGAN REGENTS

Docket No. 239690. Submitted July 9, 2003, at Lansing. Decided August 5, 2003, at 9:05 A.M.

Mary Tierney brought an action in the Court of Claims against the University of Michigan Regents, alleging medical malpractice and patient abandonment after she suffered two successive miscarriages while under the care of physicians at the Obstetrics Clinic of the University of Michigan. The first miscarriage allegedly occurred as a result of negligence committed during the performance of a cerclage and formed the basis of the plaintiff's medical malpractice claim. The second miscarriage allegedly occurred after the plaintiff's treating physician abandoned her as a patient on the day the plaintiff was scheduled for another cerclage, because the plaintiff had sued the physician's office mate regarding the first miscarriage. The plaintiff asserted a claim of patient abandonment on the basis of the physician's actions. The defendant moved for partial summary disposition, arguing that Michigan does not recognize a cause of action for patient abandonment unless made within the context of a medical malpractice action. The court, Timothy P. Connors, J., granted the motion for partial summary disposition on this basis, and later denied the plaintiff's motion to file a fourth amended complaint to include a claim of patient abandonment as a form of medical malpractice. The plaintiff appealed by leave granted.

The Court of Appeals *held*:

Under the facts of this case, the trial court abused its discretion in denying the plaintiff's motion to amend her complaint to assert a claim of patient abandonment as a form of medical malpractice. The Supreme Court previously recognized a claim of patient abandonment in *Fortner v Koch*, 272 Mich 273 (1935), and the facts in this case are no less grounds for legal redress than the circumstances in *Fortner*, where the doctor misdiagnosed the plaintiff patient and failed to render treatment. The general rule governing patient abandonment is that when a physician takes charge of a case and is employed to attend a patient, the physician-patient relationship continues until ended by the mutual consent of the parties, or it is revoked by the physician, or the physician determines that his services are no longer beneficial to the patient, and then only

after giving the patient reasonable time in which to procure other medical attendance. The circumstances in this case fall within this general rule. Furthermore, contrary to the trial court's conclusion, it is evident that the plaintiff's claim of patient abandonment was initially framed in the context of a medical malpractice claim, because the plaintiff alleged that the negligence occurred during the course of a professional relationship, and any doubt regarding the nature of her claim was resolved by the plaintiff's request to expressly frame her patient abandonment claim as a form of medical malpractice. The trial court's denial of the plaintiff's motion to amend her complaint is reversed, and the matter is remanded to allow the plaintiff the opportunity to file a fourth amended complaint alleging her claim of patient abandonment as a form of medical malpractice.

Reversed and remanded for further proceedings.

ACTIONS — MEDICAL MALPRACTICE — PATIENT ABANDONMENT

Patient abandonment, as a form of medical malpractice, is actionable in Michigan.

*Davis & Kuhnke, P.C.* (by *Peter A. Davis* and *Carol A. Kuhnke*), for the plaintiff.

*Sullivan, Ward, Bone, Tyler & Asher, P.C.* (by *Ronald S. Lederman*), for the defendant.

Before: NEFF, P.J., and FORT HOOD and BORRELLO, JJ.

NEFF, P.J. Plaintiff Mary Tierney appeals by leave granted an order of the trial court denying her motion for leave to file a fourth amended complaint alleging patient abandonment in this medical malpractice action. We reverse and remand.

I

The issue presented in this case is whether under Michigan law a doctor's abandonment of his patient is actionable, as either medical malpractice or as a separate cause of action for patient abandonment. We hold that a claim of patient abandonment as a form of

medical malpractice is viable under Michigan law under the circumstances alleged in this case. The trial court erred in denying plaintiff leave to file a fourth amended complaint encompassing her claim of patient abandonment in the context of her medical malpractice action. We reverse and remand for further proceedings.

II

Plaintiff had high-risk pregnancies and was a patient under the care of doctors at the Obstetrics Clinic of the University of Michigan. She filed this action after she suffered two successive miscarriages, the first of which she alleged resulted from negligent treatment by Dr. Clark Nugent and Dr. Anthony Opipari in performing a cerclage,[1] and the second of which she alleged resulted from the abandonment of her as a patient by Dr. Cosmos van de Ven after he learned that plaintiff had filed a lawsuit against his office mate, Dr. Nugent.

At issue is the trial court's dismissal of plaintiff's claim against Dr. van de Ven premised on patient abandonment. Although the specific details concerning the alleged abandonment are in dispute, the general circumstances are undisputed. After her first miscarriage, plaintiff became pregnant again[2] and began treating with Dr. van de Ven. As in her earlier pregnancy, plaintiff was scheduled for a cerclage. After she was admitted for surgery, Dr. van de Ven

---

[1] A cerclage is a surgical procedure in which the cervix is sutured during pregnancy to prevent it from opening prematurely.

[2] Plaintiff was forty-nine years old at the time of her first pregnancy. Both pregnancies involved in vitro fertilization.

informed plaintiff that he would not be performing the procedure because plaintiff had filed a lawsuit against Dr. Nugent. Plaintiff obtained a referral to another obstetrician, who performed the cerclage four days later. Plaintiff subsequently suffered another miscarriage.

Plaintiff filed this action against defendant, alleging a claim of patient abandonment on the basis of Dr. van de Ven's actions. The trial court granted defendant's motion for partial summary disposition, dismissing plaintiff's claim of "patient abandonment" on the ground that Michigan law does not recognize a cause of action for patient abandonment unless it is made in the context of a medical malpractice claim against the physician. The trial court later denied plaintiff's motion to file a fourth amended complaint to include a claim of patient abandonment as a form of medical malpractice. The court reiterated its previous ruling that there is no distinct cause of action for patient abandonment under Michigan law.

III

Generally speaking, a person who engages a physician to treat his case impliedly engages him to attend throughout the illness or until his services are dispensed with. Stated differently, the relation of physician and patient, once initiated, continues until it is ended by the consent of the parties or is revoked by the dismissal of the physician, or until the latter's services are no longer needed or he withdraws from the case. Thus, the physician has a definite right to withdraw from the case provided he gives the patient reasonable notice so as to enable him to secure other medical attendance. Such a withdrawal does not constitute an abandonment. It is but a corollary of the physician's right to withdraw from a case upon giving proper notice, that he is

under a duty to continue attendance upon the patient until the conditions for his rightful withdrawal are complied with. Consequently, a physician who is generally engaged to attend a patient is liable for any damages caused by his abandoning the case without sufficient notice or adequate excuse, provided injury results from his action. [Anno: *Liability of physician who abandons case*, 57 ALR2d 432, 437.]

Although the trial court acknowledged that Michigan has recognized a patient abandonment claim, citing *Fortner v Koch*, 272 Mich 273; 261 NW 762 (1935), the court found *Fortner* distinguishable because in that case the Supreme Court only addressed the plaintiff's claim of patient abandonment in the context of his claim of medical malpractice. We find this distinction inconsequential.

In this case, plaintiff was under the care of Dr. van de Ven. The fact that he declined to perform a procedure and terminated his treatment of plaintiff is no less grounds for legal redress than the circumstances in *Fortner*, where the defendant doctor misdiagnosed the plaintiff's syphilis as cancer and therefore failed to pursue a course of proper treatment. *Id.* at 276-277. The *Fortner* Court found no error in the trial court's separate instruction on the question of patient abandonment. *Id.* at 279-280.[3] The claim of abandonment in *Fortner* essentially was premised on the lack of treatment:

"A physician is not chargeable with neglect in allowing intervals to elapse between his visits, where the patient needs no attention during the intervals, but he is negligent in doing so where the attention is needed * * * the fre-

---

[3] On later appeal, the Supreme Court acknowledged the defendant's duty to not abandon treatment of the plaintiff. *Fortner v Koch*, 277 Mich 429; 269 NW 222 (1936).

quency of the visits is a question for the physician to determine, if he uses ordinary judgment." [*Id.* at 280, quoting 48 CJ, p 1130.

The general rule governing patient abandonment is, as stated in *Fortner*:

> When a physician takes charge of a case and is employed to attend a patient, the relation of physician and patient continues until ended by the mutual consent of the parties, or revoked by dismissal of the physician, or the physician determines that his services are no longer beneficial to the patient and then only upon giving to the patient a reasonable time in which to procure other medical attendance. [*Id.*]

The circumstances in this case fall within the general rule enunciated in *Fortner*.

Further, contrary to the trial court's analysis, it seems evident that plaintiff's claim of patient abandonment was initially framed in the context of a medical malpractice claim. As defendant points out, in a medical malpractice action a physician's conduct is compared to the degree of skill, care, and diligence exercised by a member of the same profession, practicing in the same or similar locality. *Becker v Meyer Rexal Drug Co*, 141 Mich App 481, 485; 367 NW2d 424 (1985).

> "Malpractice, in its ordinary sense, is the negligent performance by a physician or surgeon of the duties devolved and incumbent upon him on account of his contractual relations with his patient." [*Id.* at 484, quoting *Delahunt v Finton*, 244 Mich 226, 230; 221 NW 168 (1928).]
>
> " '[M]edical malpractice * * * has been defined as the failure of a member of the medical profession, employed to treat a case professionally, to fulfill the duty to exercise that degree of skill, care and diligence exercised by mem-

bers of the same profession, practicing in the same or similar locality * * *.' " [*Becker, supra* at 485, quoting *Adkins v Annapolis Hosp*, 116 Mich App 558, 564; 323 NW2d 482 (1982).]

"The key to a malpractice claim is whether it is alleged that the negligence occurred within the course of a professional relationship." *Becker, supra* at 485; see also *Bronson v Sisters of Mercy Health Corp*, 175 Mich App 647, 652-653; 438 NW2d 276 (1989) (applying the rule in *Becker* in the context of negligence claims against hospitals).

In this case, as in *Becker*, plaintiff alleged that the negligence occurred in the course of such a relationship. Under this standard, plaintiff's patient abandonment claim is clearly one of malpractice. The affidavit of merit submitted by plaintiff stated, "it was a violation of the standard of practice of Dr. [v]an de Ven to not complete the cerclage on [December 7, 1998] or arrange for some other qualified physician to perform the cerclage on that date and that his refusal to do so constituted patient abandonment." Moreover, if there was any question concerning the nature of her claim before her motion to file a fourth amended complaint, any doubt was resolved by plaintiff's request to expressly frame her patient abandonment claim as a form of malpractice.

This Court reviews for an abuse of discretion a trial court's denial of a motion to amend a complaint. *Jenks v Brown*, 219 Mich App 415, 420; 557 NW2d 114 (1996). Although the trial court has discretion to allow or deny amendments,

[a]mendment is generally a matter of right rather than grace. A trial court should freely grant leave to amend if justice so requires. MCR 2.118(A)(2). Leave to amend

should be denied only for particularized reasons, such as undue delay, bad faith, or dilatory motive on the movant's part, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, or where amendment would be futile. [*Id.* 419-420 (citations omitted).]

The trial court erred in ruling that plaintiff's alleged action for patient abandonment was not viable under Michigan law. The court's denial of plaintiff's motion to amend her complaint on the basis that she had no viable legal claim was an abuse of discretion. We remand this case to allow plaintiff the opportunity to file a fourth amended complaint alleging her claim of patient abandonment as a form of medical malpractice.

IV

Defendant argues that the denial of plaintiff's motion to amend her complaint was proper on the alternative ground that plaintiff failed to show that Dr. van de Ven breached the applicable standard of care with regard to patient abandonment. Whether evidence of plaintiff's claim meets the legal standard for patient abandonment is a matter for the trier of fact.

Reversed and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.