# STATE OF MICHIGAN

# COURT OF APPEALS

WORLD LEADERSHIP PROGRAM
INSTITUTE,

Plaintiff-Appellant,

v

NANCY BURNS, DAVID HOWELL,
SHERMAN JACKSON, and MARK TESSLER,

Defendants-Appellees.

UNPUBLISHED
February 9, 2017

No. 330516
Washtenaw Circuit Court
LC No. 15-000655-CK

Before: RONAYNE KRAUSE, P.J., and O'CONNELL and METER, JJ.

PER CURIAM.

Plaintiff, World Leadership Program Institute (the Institute) appeals as of right the trial court's order granting summary disposition under MCR 2.116(C)(5) and (8) on complaints of breach of contract, fraud, misrepresentation, unjust enrichment, and promissory estoppel against defendants, Nancy Burns, David Howell, Sherman Jackson, and Mark Tessler. The trial court also awarded sanctions against the Institute. We affirm.

## I. BACKGROUND

The Institute's complaint arose from a dispute involving expenses that the Institute's founder, Margaret Cone, incurred after the University of Michigan canceled an international learning program. The incidents took place from March 2008 to May 2010. In November 2008, Cone established the East West Learning Initiative, Inc. (EWLII) to oversee the administrative activities of the international learning program, but Cone did not establish the Institute until October 2010. In filing for summary disposition, defendants argued that the Institute lacked standing to bring the claims because the Institute did not exist at the time the alleged wrongdoing took place.

In response to defendants' motion, the Institute argued that it was a "nonprofit corporation that existed prior to and during the activities in question as a Michigan non-profit corporation . . . ." The Institute repeatedly interchanged its references to EWLII (founded in November 2008) and the Institute (founded in October 2010), as though they were a single entity. Defendants responded that the Institute was attempting to mislead the court, noting among other things that EWLII was a for-profit entity and that the Institute was not associated with EWLII in its articles of incorporation, or vice versa.

-1-

In granting summary disposition, the trial court noted that the Institute did not exist until October 2010, after the events in the complaint, and that there was no evidence that the Institute and EWLII were related entities. The trial court additionally ordered sanctions under MCR 2.114, finding that the Institute "deliberately and blatantly misrepresented its status to the parties and to the Court." The Institute now appeals.

## II. STANDARDS OF REVIEW

"This Court reviews for an abuse of discretion a trial court's denial of a motion to amend a complaint." *Tierney v Univ of Mich Regents*, 257 Mich App 681, 687-688; 669 NW2d 575 (2003). We also review for an abuse of discretion the trial court's decision on a motion for reconsideration. *Woods v SLB Prop Mgt, LLC*, 277 Mich App 622, 629; 750 NW2d 228 (2008). The trial court abuses its discretion when its outcome falls outside the reasonable and principled range of outcomes. *Maldonado v Ford Motor Co*, 476 Mich 372, 388; 719 NW2d 809 (2006).

We review for clear error a trial court's finding that an action is frivolous. *Kitchen v Kitchen*, 465 Mich 654, 661; 641 NW2d 245 (2002). "A decision is clearly erroneous where, although there is evidence to support it, the reviewing court is left with a definite and firm conviction that a mistake has been made." *Id.* at 661-662.

## III. AMENDMENT TO THE COMPLAINT

The Institute argues that the trial court should have granted its motion to amend its complaint because filing suit as the improper party was a mistake, not an intentional misrepresentation. We disagree.

The Institute did not preserve this issue because it did not request to amend its complaint until their motion for reconsideration. "Where an issue is first presented in a motion for reconsideration, it is not properly preserved." *Vushaj v Farm Bureau Gen Ins Co of Mich*, 284 Mich App 513, 519; 773 NW2d 758 (2009). We will therefore review this issue for plain error affecting the Institute's substantial rights. See *King v Oakland Co Prosecutor*, 303 Mich App 222, 239; 842 NW2d 403 (2013).

Leave to amend a pleading "shall be freely given when justice so requires." MCR 2.118(A)(2). However, the trial court may deny a motion on the basis of "(1) undue delay, (2) bad faith or dilatory motive on the part of the movant, (3) repeated failure to cure deficiencies by amendments previously allowed, (4) undue prejudice to the opposing party by virtue of allowance of the amendment, or (5) futility of the amendment." *Lane v KinderCare Learning Ctrs, Inc*, 231 Mich App 689, 697; 588 NW2d 715 (1998).

In this case, after defending against defendants' motion for summary disposition on the basis that the Institute was a proper party in interest, the Institute raised a new legal argument in its motion for reconsideration—that the trial court should allow it to amend its complaint. This occurred after the trial court found that the Institute "deliberately and blatantly misrepresented its status to the parties and to the Court."

The record supports the trial court's finding. After defendants moved for summary disposition, rather than acknowledging the error of suing as a plaintiff who did not exist at the

time of the facts that formed the basis of the complaint and moving to amend the complaint, the Institute doubled-down by asserting that the Institute existed as EWLII at the time of the facts leading to the claim and, without any evidence to support its claim, asserted that EWLII and the Institute were the same, successor, or related entities. We conclude that the trial court did not plainly err by refusing the Institute's request on reconsideration to amend its complaint.[1]

## IV. SANCTIONS FOR FRIVOLOUS CLAIM

The Institute argues that the trial court improperly imposed sanctions because its error was a simple misunderstanding. We disagree.

The trial court may impose sanctions under MCR 2.114 for an action that is frivolous under MCL 600.2591. MCR 2.114(F); MCR 2.625(A)(2). A court may find that a party's action is frivolous under MCR 2.625(A)(2) when the party (1) initiated the suit for purposes of harassment, (2) had a legal position devoid of arguable legal merit, or (3) lacked a reasonable basis to believe that the facts underlying its legal position were true. MCL 600.2591(3)(a).

In this case, the Institute had no reasonable basis to believe that it was the aggrieved party in this lawsuit. It did not exist until after the actions leading to the suit occurred. Nevertheless, the Institute both asserted that it was the proper party and that it was a successor entity without any evidence to support its positions. Because Cone founded and represented both entities, the Institute knew or should have known which entities existed at which times during this dispute. Whether characterized as a deliberate attempt to mislead the court, or as a mistake, it is clear from this record that the Institute pursued its claim after insufficient research into the proper party to pursue the claim. The resulting claims lacked legal merit. We are not definitely and firmly convinced that the trial court made a mistake when it sanctioned the Institute under MCR 2.114.

We affirm. As the prevailing parties, defendants may tax costs. MCR 7.219.

/s/ Amy Ronayne Krause
/s/ Peter D. O'Connell
/s/ Patrick M. Meter

---

[1] Even if bad faith was not a valid reason for declining leave to amend the complaint, the fact that the Institute waited until after the trial court granted summary disposition to request amendment provided another reason to refuse the amendment. See *Amburgey v Sauder,* 238 Mich App 228, 247-248; 605 NW2d 84 (1999).