# STATE OF MICHIGAN

# COURT OF APPEALS

MICHIGAN HEAD & SPINE INSTITUTE, PC,

        Plaintiff-Appellant,

v

ALLSTATE PROPERTY AND CASUALTY
INSURANCE COMPANY,

        Defendant-Appellee.

UNPUBLISHED
September 18, 2018

No. 340316
Wayne Circuit Court
LC No. 16-014374-NF

Before: SWARTZLE, P.J., and JANSEN and O'BRIEN, JJ.

PER CURIAM.

Plaintiff appeals as of right the trial court's order granting summary disposition to defendant under MCR 2.116(C)(8) and denying plaintiff's request for leave to amend its complaint. We affirm in part, vacate in part, and remand for further proceedings consistent with this opinion.

## I. BACKGROUND

Lisa Christy was covered under a personal-injury-protection (PIP) policy with defendant. Christy was injured in an automobile accident and plaintiff provided medical services to Christy in the amount of $68,513. Plaintiff submitted claims for payment to defendant—the alleged first-party no-fault insurer—but defendant did not fully reimburse plaintiff for the services it provided to Christy. Plaintiff filed this action against defendant for recovery of the unpaid claim alleging a right to do so under the no-fault act.

Defendant moved for summary disposition under MCR 2.116(C)(8) arguing that medical providers such as plaintiff lack an independent statutory cause of action against a no-fault insurer such as defendant in light of *Covenant Med Ctr, Inc v State Farm Mut Auto Ins Co*, 500 Mich 191; 895 NW2d 490 (2017). Plaintiff then moved to amend its complaint to assert a claim under an assignment-of-benefits theory. The trial court granted summary disposition to defendant and denied plaintiff's motion to amend the complaint. The trial court reasoned that plaintiff did not have a direct cause of action under *Covenant* and, because plaintiff did not have a direct cause of action, plaintiff had nothing to amend or relate back to.

This appeal followed.

-1-

## II. ANALYSIS

*Defendant Was Entitled to Summary Disposition Under* Covenant. A trial court's decision on a motion for summary disposition is reviewed de novo. *Dell v Citizens Ins Co of America*, 312 Mich App 734, 739; 880 NW2d 280 (2015). "A motion under MCR 2.116(C)(8) tests the legal sufficiency of the complaint." *Id*.

In *Covenant*, 500 Mich at 195-196, 217-218, our Supreme Court held that healthcare providers lack an independent statutory cause of action against no-fault insurers to recover PIP benefits. This Court has concluded that the holding in *Covenant* applies retroactively to pending cases. *Bronson Healthcare Group, Inc v Mich Assigned Claims Plan*, ___ Mich App ___, ___; ___ NW2d ___ (2018) (Docket No. 336088); slip op at 2, citing *W A Foote Mem Hosp v Mich Assigned Claims Plan*, 321 Mich App 159, 196; 909 NW2d 38 (2017).[1] The present case was pending in the trial court when *Covenant* was decided. Thus, *Covenant* applies to bar plaintiff's independent action against defendant for the recovery of PIP benefits owed to Christy. Summary disposition was therefore appropriate on plaintiff's independent statutory claim.

*Plaintiff's Motion to Amend*. "The grant or denial of leave to amend pleadings is within the trial court's discretion." *Jawad A Shah, MD, PC v State Farm Mut Auto Ins Co*, ___ Mich App ___, ___; ___ NW2d ___ (2018) (Docket No. 340370); slip op at 13 (cleaned up). "This Court reviews for an abuse of discretion a trial court's denial of a motion to amend a complaint." *Tierney v Univ of Mich Regents*, 257 Mich App 681, 687; 669 NW2d 575 (2003). "[A]n abuse of discretion occurs only when the trial court's decision is outside the range of reasonable and principled outcomes." *In re Kostin*, 278 Mich App 47, 51; 748 NW2d 583 (2008). "A trial court necessarily abuses its discretion when it makes an error of law." *Shah*, ___ Mich App at ___; slip op at 14 (cleaned up).

"If a trial court grants summary disposition pursuant to MCR 2.116(C)(8), (C)(9), or (C)(10), the court must give the parties an opportunity to amend their pleadings pursuant to MCR 2.118, unless the amendment would be futile." *Id.* (cleaned up); see also MCR 2.116(I)(5). "An amendment is futile if it merely restates the allegations already made or adds allegations that still fail to state a claim." *Id*. (cleaned up). "Under MCR 2.118(A)(2), a party may amend a pleading by leave of the court and such leave shall be freely given when justice so requires." *Id*. (cleaned up). "Amendment is generally a matter of right rather than grace" and "should ordinarily be denied only for particularized reasons, including undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, or futility." *Id*. at ___; slip op at 13 (cleaned up).

The trial court reasoned that, because plaintiff did not have a direct statutory cause of action, plaintiff could not amend its complaint. Yet, in *Covenant*, 500 Mich at 217 n 40, our

---

[1] Our Supreme Court has ordered oral argument on the application to consider the retroactivity of *Covenant*. *W A Foote Mem Hosp v Mich Assigned Claims Plan*, ___ Mich ___; 911 NW2d 470 (2018).

Supreme Court recognized that an insured may "assign his or her right to past or presently due benefits to a healthcare provider." Thus, in the situation where a health-care provider's independent statutory claim for PIP benefits is summarily dismissed, this Court has held that the provider should be granted leave to amend its complaint to assert a claim under an assignment-of-benefits theory. See *Bronson Healthcare Group*, ___ Mich App at ___; slip op at 3, citing *W A Foote Mem Hosp*, 321 Mich App at 196. Accordingly, the trial court erred by denying plaintiff's motion to amend on the basis that plaintiff did not have a direct cause of action.

It is therefore necessary to vacate the portion of the trial court's order denying plaintiff's motion to amend the complaint. The case is remanded to the trial court to determine whether amendment to assert a claim under an assignment-of-benefits theory is proper in the present case. Defendant has raised several theories on appeal regarding why amendment is futile in this case despite the trial court's error. The arguments are inherently fact-intensive and should be decided in the first instance by the trial court rather than by this Court. See generally, *Shah*, ___ Mich App at ___; slip op at 13 (noting particularized considerations pertinent to the decision whether to allow amendment of a pleading).

Affirmed in part, vacated in part, and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Brock A. Swartzle
/s/ Kathleen Jansen
/s/ Colleen A. O'Brien