# STATE OF MICHIGAN

# COURT OF APPEALS

DUANE MORRISH,

   Plaintiff-Appellant,

v

SUN COMMUNITIES, INC.,

   Defendant-Appellee.

UNPUBLISHED
September 20, 2018

No. 339330
Genesee Circuit Court
LC No. 2016-107398-NO

Before: O'CONNELL, P.J., and CAVANAGH and SERVITTO, JJ.

PER CURIAM.

Plaintiff, Duane Morrish, appeals as of right the trial court's order granting summary disposition in favor of defendant, Sun Communities, Inc. (now Sun Home Services, Inc.), under MCR 2.116(C)(8) (failure to state a claim) and (C)(10) (no genuine issue of material fact). The trial court also declined to allow Morrish to amend his complaint. We affirm.

## I. BACKGROUND

Morrish's girlfriend, Andrea Turner, signed a one-year lease for a unit at the Continental North mobile home park, listing Morrish as a roommate on the lease. After they moved in, Morrish reported two leaks in the ceiling that resulted in standing water on the floor when it rained. Defendant fixed one of the leaks, but the other leak persisted. One day, after it rained, Morrish slipped and fell on water that pooled from a leak in the wall, which he described as a new leak, although the water pooled in the same place as before.

Morrish filed a complaint against defendant, asserting a premises liability claim. In a first amended complaint, Morrish alleged that defendant failed to keep the premises in reasonable repair in violation of MCL 554.139(1)(b). Morrish further asserted a breach of contract claim, alleging that defendant's failure to repair the leak violated the lease agreement. Defendant denied liability and moved for summary disposition under MCR 2.116(C)(8) and (C)(10). Morrish then requested leave to amend the complaint to add a negligence claim and a housing code violation. Defendant opposed this request. The trial court granted summary disposition in favor of defendant on all claims and denied Morrish's request to amend the complaint because his new claims would have been futile.

## II. SUMMARY DISPOSITION

-1-

Morrish argues that the trial court erred by granting summary disposition on his statutory and breach of contract claim. We disagree. We review a trial court's grant of summary disposition de novo. *Liggett Restaurant Group, Inc v City of Pontiac*, 260 Mich App 127, 133; 676 NW2d 633 (2003). Defendant moved for summary disposition under MCR 2.116(C)(10) as to the statutory claim and MCR 2.116(C)(8) and (C)(10) as to the breach of contract claim.

Summary disposition under MCR 2.116(C)(8) is proper if "[t]he opposing party has failed to state a claim on which relief can be granted." A motion under MCR 2.116(C)(8) tests the legal sufficiency of the complaint on the basis of the pleadings alone. *Maiden v Rozwood*, 461 Mich 109, 119-120; 597 NW2d 817 (1999). When an action arises from a contract, the contract itself is considered part of the pleading. *Liggett Restaurant Group*, 260 Mich App at 133. This Court accepts all well-pleaded factual allegations as true and construes them in a light most favorable to the nonmoving party. *Maiden*, 461 Mich at 119. Summary disposition under MCR 2.116(C)(8) is appropriate when "the claims are so clearly unenforceable as a matter of law that no factual development could possibly justify recovery." *Wade v Dep't of Corrections*, 439 Mich 158, 163; 483 NW2d 26 (1992).

Summary disposition is appropriate if "there is no genuine issue as to any material fact, and the moving party is entitled to judgment or partial judgment as a matter of law." MCR 2.116(C)(10). "A motion under MCR 2.116(C)(10) tests the factual sufficiency of the complaint. In evaluating a motion for summary disposition brought under this subsection, a trial court considers affidavits, pleadings, depositions, admissions, and other evidence submitted by the parties in the light most favorable to the party opposing the motion." *Maiden*, 461 Mich at 120 (citation omitted). A genuine issue of material fact remains "when reasonable minds could differ on an issue . . . ." *Allison v AEW Capital Mgt, LLP*, 481 Mich 419, 425; 751 NW2d 8 (2008).

## A. BREACH OF CONTRACT CLAIM

Morrish argues that he has standing to enforce the terms of the lease because he was an authorized occupant, even though he was not a party to the lease. We disagree. "Generally, one who is not a party to an agreement cannot pursue a claim for breach of the agreement." *First Security Savings Bank v Aitken*, 226 Mich App 291, 305; 573 NW2d 307 (1997), overruled in part on other grounds by *Smith v Globe Life Ins Co*, 460 Mich 446; 597 NW2d 28 (1999), superseded in part on other grounds by statute as stated in *Dell v Citizens Ins Co of America*, 312 Mich App 734, 742; 880 NW2d 280 (2015). A third-party beneficiary may seek to enforce a contract, despite not being a party, if the contract was intended to benefit the third party. MCL 600.1405. A contract demonstrates an intended benefit to a third party if "the promisor of said promise has undertaken to give or to do or refrain from doing something directly to or for" the third party. MCL 600.1405(1). "[O]nly *intended* third-party beneficiaries, not *incidental* beneficiaries, may enforce a contract under § 1405." *Koenig v City of South Haven*, 460 Mich 667, 679; 597 NW2d 99 (1999). In this case, the lease agreement, signed only by Turner and an agent of defendant, clearly stated that it was intended for the benefit of the landlord and the tenant only. Although Morrish was listed as an authorized occupant, he did not sign the lease as a tenant. Additionally, the lease contains no language demonstrating that defendant intended a benefit for Morrish. Therefore, Morrish is not a third-party beneficiary to the agreement, and the trial court did not err by granting summary disposition in favor of defendant on this claim.

## B. STATUTORY CLAIM

Morrish argues that defendant is liable for damages because defendant violated its statutory duty to keep the premises in reasonable repair. We disagree. A lessor has a statutory obligation "[t]o keep the premises in reasonable repair" throughout the lease term. MCL 554.139(1)(b). If a lease term is one year or longer, the parties to the lease may agree to modify this obligation. MCL 554.139(2). Our Supreme Court has stated that this duty is restricted to the contracting parties and does not extend to a social guest. *Mullen v Zerfas*, 480 Mich 989, 990; 742 NW2d 114 (2007). That is, "a non-tenant could never recover under the covenant for fitness because a lessor has no contractual relationship with—and, therefore, no duty under the statute to—a non-tenant." *Allison*, 481 Mich at 431, Therefore, the trial court did not err when it concluded that the statute did not apply to Morrish because he was not a party to the lease.

## III. MOTION TO AMEND COMPLAINT

Morrish argues that the trial court abused its discretion when it declined to allow Morrish to amend his complaint. The trial court found that Morrish's two proposed claims, a common-law negligence claim and a Michigan housing law claim, would have been futile. We agree with the trial court. We review a trial court's denial of a motion to amend a complaint for an abuse of discretion. *Tierney v Univ of Mich Regents*, 257 Mich App 681, 687; 669 NW2d 575 (2003). "An abuse of discretion occurs when the trial court's decision is outside the range of reasonable and principled outcomes." *Smith v Khouri*, 481 Mich 519, 526; 751 NW2d 472 (2008).

Leave to amend a complaint "shall be freely given when justice so requires." MCR 2.118(A)(2). If a trial court grants summary disposition under MCR 2.116(C)(8) or (C)(10), the trial court must allow the parties to amend their pleadings "unless the amendment would be futile." *Weymers v Khera*, 454 Mich 639, 658; 563 NW2d 647 (1997).

## A. NEGLIGENCE CLAIM

Allowing Morrish to assert a negligence claim would have been futile. A "landlord's duty arises only when the triggering conduct occurs in those areas under the landlord's control." *Bailey v Schaaf*, 494 Mich 595, 616; 835 NW2d 413 (2013). In this case, Turner was in legal possession of the home at the time of Morrish's injury. Defendant did not exercise control over the inside of the home where Morrish fell. Accordingly, the trial court did not abuse its discretion by declining to give Morrish an opportunity to add a common-law negligence claim.

## B. HOUSING LAW CLAIM

Permitting Morrish to amend the complaint to allege a housing law claim would also have been futile. An "occupant" may have a cause of action under MCL 125.536 contained in the Housing Law of Michigan, MCL 125.401 *et seq*. *Buhalis v Trinity Continuing Care Servs*, 296 Mich App 685, 698; 822 NW2d 254 (2012). MCL 125.536 states:

> (1) When the owner of a dwelling regulated by this act permits unsafe, unsanitary or unhealthful conditions to exist unabated in any portion of the dwelling, whether a portion designated for the exclusive use and occupation of residents or a part of the common areas, where such condition exists in violation

-3-

of this act, any occupant, after notice to the owner and a failure thereafter to make the necessary corrections, shall have an action against the owner for such damages he has actually suffered as a consequence of the condition. [MCL 125.536(1).]

A landlord generally has no duty to inspect the premises regularly to search for defects; rather, a landlord is required "to repair any defects brought to his attention by the tenant or by his casual inspection of the premises." *Raatikka v Jones*, 81 Mich App 428, 430-431; 265 NW2d 360 (1978). In this case, Morrish testified that the leak in the wall that caused the water accumulation that he slipped on was a new leak that had not occurred before his fall. Because Morrish did not know about this condition before his fall, he could not have informed defendant about the condition. Accordingly, defendant had no notice of the defect and no corresponding duty to repair the defect. Therefore, the trial court did not abuse its discretion by not allowing Morrish to amend his complaint to include this claim.

We affirm.

/s/ Peter D. O'Connell
/s/ Mark J. Cavanagh
/s/ Deborah A. Servitto