*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# S T A T E   O F   M I C H I G A N

# C O U R T   O F   A P P E A L S

JEWEL L. PALEN,

        Plaintiff-Appellant,

v

CHRISTINE SHAFER, M.D., and SPARROW HOSPITAL,

        Defendants-Appellees.

UNPUBLISHED
November 21, 2024
1:58 PM

No. 366386
Ingham Circuit Court
LC No. 22-000767-NZ

Before: MALDONADO, P.J., and M. J. KELLY and GARRETT, JJ.

PER CURIAM.

This case requires us to consider whether the trial court erred by dismissing plaintiff, Jewel L. Palen's claims that defendants, Christine Shafer, M.D., and Sparrow Hospital, made libelous statements about her. Palen also seeks review of the trial court's rulings before and after the court granted defendants' summary disposition under MCR 2.116(C)(8) (failure to state a claim). We find no error in the trial court's rulings and, therefore, we affirm.

## I. FACTUAL BACKGROUND

Palen alleged in her complaint that defendants defamed her by making false statements on a probate-court form used by a psychiatrist, psychologist, or physician to certify that a person has a mental illness that requires hospitalization. Palen referred to this as "Form PCM 208." Palen did not provide a copy of the form with her complaint and her complaint did not identify the allegedly libelous statements on the form. Defendants moved for summary disposition under MCR 2.116(C)(8) and asked the trial court to dismiss Palen's claims in part because her complaint did not describe the statements she asserted were libelous. Palen obtained a default judgment against Dr. Shafer on the ground that she failed to timely respond to the complaint, but the trial court it set aside after finding that it was improperly entered by the court's clerk.

Palen responded to the motions for summary disposition by arguing that defendants made false statements of fact on Form PCM 208 and that they were aware of the contents of the form because they had copies of it. Palen also argued that Dr. Shafer's motion did not comply with the court rules and that the trial court erred by setting aside the default judgment. Palen also argued

-1-

that Dr. Shafer's proofs of service were not properly verified and Palen asked the trial court to impose sanctions on Dr. Shafer for violating court rules, for presenting a frivolous defense, and for filing the motion in bad faith.

The trial court ultimately granted summary disposition to defendants pursuant to MCR 2.116(C)(8) because Palen's complaint did not plead with specificity her grounds for defamation. The trial court considered Palen's claims regarding court rule violations, but found no defect in the pleadings themselves. Palen orally moved for leave to amend her complaint on the ground that she intended to hire an attorney. The trial court denied Palen's motion because she did not give a viable reason to amend her complaint. After the trial court's rulings, and on the day the trial court scheduled a hearing to enter an order dismissing Sparrow Hospital from the case, Palen filed a written motion to amend her complaint to add a document Palen used to request corrections to probate court form 208. The trial court entered Sparrow Hospital's order of dismissal and later entered an order dismissing Palen's claims against Dr. Shafer. This appeal by Palen followed.

## II. STANDARDS OF REVIEW

At the outset, we note that Palen failed to preserve several of the arguments she now raises on appeal. To preserve an issue for appellate review, a party must raise it before the trial court. *Glasker-Davis v Auvenshine*, 333 Mich App 222, 227; 964 NW2d 809 (2020). The failure to raise the issue waives it for purposes of appellate review. *Tolas Oil & Gas Exploration Co v Bach Servs & Mfg, LLC*, ___ Mich App ___, ___; ___ NW3d ___ (2023) (Docket No. 359090); slip op at 2. Further, to preserve a claim for review, the party must have raised the same legal argument about the claim that it raises on appeal. *Id*. at ___; slip op at 3. We have no obligation to review an unpreserved issue. *Id*. at ___; slip op at 3.

We review de novo the interpretation and application of court rules. *Tyler v Findling*, 508 Mich 364, 369; 972 NW2d 833 (2021). This Court also reviews de novo a trial court's ruling on a motion for summary disposition under MCR 2.116(C)(8). *Bauserman v Unemployment Ins Agency*, 509 Mich 673, 686; 983 NW2d 855 (2022). A party may move for summary disposition under MCR 2.116(C)(8) if the opposing party failed to state a claim on which relief can be granted. A motion for summary disposition under MCR 2.116(C)(8) tests the legal sufficiency of a claim on the basis of the pleadings alone. *Bauserman*, 509 Mich at 686. "For purposes of this review, we accept all factual allegations in the complaint as true." *Id*.

We review for an abuse of discretion the trial court's decision regarding whether to grant a default judgment. *Huntington Nat'l Bank v Ristich*, 292 Mich App 376, 383; 808 NW2d 511 (2011). An abuse of discretion occurs if the trial court's decision falls outside the range of principled outcomes. *Id*. We also review for an abuse of discretion the trial court's decision to impose sanctions, *KBD & Assoc, Inc v Great Lakes Foam Technologies, Inc*, 295 Mich App 666, 677; 816 NW2d 464 (2012), and the denial of a motion to amend a complaint, *Tierney v Univ of Mich Regents*, 257 Mich App 681, 687; 669 NW2d 575 (2003).

## III. DEFAULT JUDGMENT

Palen argues that the trial court erred by setting aside the default judgment because Dr. Shafer failed to show good cause for the court to do so. We disagree.

A trial court may enter a default judgment if the party from who relief is sought fails to plead or defend the action under the court rules. MCR 2.603(A)(1). Under MCR 2.603(A)(1), a default judgment may not be entered if the party has defended the case, which includes filing a motion for summary disposition in addition to or in lieu of an answer. *Edmore v Crystal Automation Sys Inc*, 322 Mich App 244, 257; 911 NW2d 241 (2017).

In this case, Dr. Shafer served her motion for summary disposition by mailing it on December 9, 2022, which was timely under MCR 2.107(C)(3). Dr. Shafer's motion for summary disposition was an action to defend the case and, therefore, the entry of the default judgment was unwarranted. Accordingly, the trial court did not abuse its discretion by setting aside the default judgment. Palen also argues that Dr. Shafer refused a complaint and summons, which demonstrated an intent not to defend the case. But Palen's claim does not negate that Dr. Shafer filed a motion to defend the case and, therefore, her argument is unavailing.

## IV. VERIFICATION AND SANCTIONS

Palen argues that defendants' motions and proofs of service were not property verified, which requires us to interpret court rules addressing verification. When interpreting a court rule, we first consider the plain language of the rule. *Varran v Grannerman*, 312 Mich App 591, 599; 880 NW2d 242 (2015). If the plain language is clear, we will not engage in further construction or interpretation. *Id*. "Except when otherwise specifically provided by rule or statute, a document need not be verified or accompanied by an affidavit." MCR 1.109(D)(3). When a document is required to be verified, it may be verified in two ways:

> (a) oath or affirmation of the party or of someone having knowledge of the facts stated; or

> (b) except as to an affidavit, including the following signed and dated declaration:

> "I declare under the penalties of perjury that this _____ has been examined by me and that its contents are true to the best of my information, knowledge, and belief." Any requirement of law that a document filed with the probate court must be sworn may be also met by this declaration. [MCR 1.109(D)(3).]

MCR 2.107(D) states that, subject to exceptions that do not apply in this case, "proof of service of documents required or permitted to be served must be by written acknowledgment of service, or a written statement by the individual who served the documents verified under MCR 1.109(D)(3)."

Sparrow Hospital's proofs of service complied with MCR 1.109(D)(3)(b), but Dr. Shafer's proofs of service did not. However, any error in this regard was harmless because there is no dispute that Palen was in fact served with Dr. Shafer's motion for summary disposition and, indeed, she responded to the motion. The improper proofs of service also did not affect whether Palen's complaint was defective for failing to disclose the allegedly defamatory statements. This was the basis of the trial court's ruling and any defects in Dr. Shafer's proofs of service had no bearing on the outcome of the case. We will not modify a decision of the trial court on the basis of a harmless error, MCR 2.613(A), and an error is harmless if it was not decisive to the outcome of the case.

*Ellison v Dep't of State*, 320 Mich App 169, 179; 906 NW2d 221 (2017). Accordingly, Palen's argument on this ground does not merit relief on appeal.

Similarly, the erroneous statement in Dr. Shafer's original proof of service that the motion was served by certified mail was harmless. Concerning the manner of service, MCR 2.107 provides as follows:

> (C) Manner of Service. Except under MCR 1.109(G)(6)(a) [concerning electronic service], service of a copy of a document on an attorney must be made by delivery or by mailing to the attorney at his or her last known business address or, if the attorney does not have a business address, then to his or her last known residence address. Except under MCR 1.109(G)(6)(a), service on a party must be made by delivery or by mailing to the party at the address stated in the party's pleadings.
>
> * * *
>
> (3) Mailing. Mailing a copy under this rule means enclosing it in a sealed envelope with first class postage fully prepaid, addressed to the person to be served, and depositing the envelope and its contents in the United States mail. Service by mail is complete at the time of mailing.

On January 9, 2023, Dr. Shafer filed a corrected proof of service which indicated that the motion for summary disposition was served by regular mail rather than certified mail. Service by regular mail complied with MCR 2.107(C)(3), and any prior error in stating otherwise was harmless because Dr. Shafer corrected the error and, in either case, the manner of mailing did not affect the outcome of the proceedings. See *Ellison*, 320 Mich App at 179.

Palen further argues that Dr. Shafer's motion for summary disposition itself was not verified. MCR 2.119(A)(1)(d) provides that a motion must be "signed" by the party or attorney and does not state that a motion must be "verified." MCR 2.119(A)(1)(d) also refers to MCR 1.109(E), which addresses signatures. Other court rules clearly indicate when something must be "verified" and those rules do not use the word "signed." See, e.g., MCR 2.625(K)(2)(a) and MCR 3.101(D). Contrary to Palen's argument, Dr. Shafer's motion did not need to be verified, and it was signed in accordance with the court rule.

Palen further asserts that, on the basis of the arguments discussed, the trial court erred by declining to impose sanctions on Dr. Shafer for an improperly filed motion for summary disposition. Because we hold that Palen's arguments lack merit, there are no grounds to reverse the trial court's denial of sanctions.[1]

---

[1] We have addressed Palen's preserved claims regarding verification and sanctions, but we decline to consider her remaining arguments on these issues because she waived the arguments by failing to raise them in the trial court. See *Tolas Oil*, ___ Mich App at ___; slip op p 3.

## V. SUMMARY DISPOSITION

Palen further argues that the trial court erred by granting defendants' motions for summary disposition. To the extent Palen's claims of error relate to her arguments already addressed, those arguments fail for the reasons stated. We further hold that the trial court did not err by granting summary disposition to defendants under MCR 2.116(C)(8) because Palen failed to plead the words of the alleged libel in her complaint.

As our Supreme Court explained in *Mitan v Campbell*, 474 Mich 21, 24; 706 NW2d 420 (2005):

> The elements of a defamation claim are: (1) a false and defamatory statement concerning the plaintiff, (2) an unprivileged communication to a third party, (3) fault amounting at least to negligence on the part of the publisher, and (4) either actionability of the statement irrespective of special harm (defamation per se) or the existence of special harm caused by publication.

A plaintiff "must plead a defamation claim with specificity by identifying the exact language that the plaintiff alleges to be defamatory." *Thomas M Cooley Law School v Doe 1*, 300 Mich App 245, 262; 833 NW2d 331 (2013).

In this case, Palen merely alleged that defendants defamed her by using false statements to populate the PCM 208 form. Palen did not attach the form to her complaint or provide any language from statements on the form to support her assertion. Palen maintains that the trial court should have incorporated into her complaint PCM 208 and a document she calls "Exhibit B," which is her written request for the form to be corrected.

A trial court may consider materials that are attached to a complaint as part of the pleadings for the purposes of MCR 2.116(C)(8). *El-Khalil v Oakwood Healthcare, Inc*, 504 Mich 152, 163; 934 NW2d 665 (2019). However, when evidence is referenced in a complaint but not attached to it, it is not proper for the court to consider it. *Krieger v Dep't of Environment, Great Lakes, & Energy*, ___ Mich App ___, ___; ___ NW3d ___ (2023) (Docket Nos. 359895, et al.); slip op p 29. The references in Palen's complaint to other documents were not sufficient to incorporate those documents into the complaint, and the trial court did not err by refusing to consider them.[2]

## VI. AMENDMENT

Palen further claims that the trial court erred by denying her motions for leave to amend her complaint. Again, we disagree.

Generally, if the trial court grants a party's motion for summary disposition under MCR 2.116(C)(8), (9), or (10), the trial court shall give the parties an opportunity to amend the pleadings

---

[2] Palen raises additional arguments about official forms and protected health information, but we decline to consider them because she failed to raise them for the trial court's review. See *Tolas Oil*, ___ Mich App at ___; slip op p 3.

"unless the evidence then before the court shows that amendment would not be justified." MCR 2.116(I)(5). But "[t]he trial court need not give a party an opportunity to amend a pleading if the amendment would be futile. An amendment is futile where, ignoring the substantive merits of the claim, it is legally insufficient on its face." *Zwiker v Lake Superior State Univ*, 340 Mich App 448, 484; 986 NW2d 427 (2022) (quotation marks and citations omitted).

In this case, Palen made an oral motion to amend her complaint and based her request on the trial court allowing her an opportunity to hire counsel. Importantly, Palen's argument did not address any means by which she would amend her complaint to correct the defects that led to the court's grant of summary disposition. As discussed, Palen's complaint did not state a claim on which relief could be granted because she did not plead any allegedly defamatory words by defendants. Under that circumstance, we cannot conclude that the trial court abused its discretion by denying her motion on the ground asserted.

Following the trial court's ruling on Palen's oral motion, she filed a written motion seeking to amend her complaint to include "Exhibit B," which was a document Palen used to ask for corrections to the Form PCM 208. Palen did not submit Exhibit B with her motion for the trial court's consideration, and her motion did not identify allegedly libelous statements in PCM 208, which was the basis of Palen's defamation claim. Again, the trial court did not abuse its discretion by denying Palen's motion to amend because her requested amendment would not include the words she claims were defamatory and, for that reason, her amendment would have been futile.

Affirmed.

/s/ Allie Greenleaf Maldonado
/s/ Michael J. Kelly
/s/ Kristina Robinson Garrett